UNITED STATES STEEL CO. v.
LOCKHART et al.

Court of Appeals of Kentucky.

Oct. 16, 1953.

James Sampson, Edward G. Hill, Harlan, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, for appellant.

Lay & Knuckles, Pineville, for appellees.

CAMMACK, Justice.

This appeal is from a judgment affirming an award of the Workmen's Compensation Board to Arthur Lockhart for compensation for total permanent disability resulting from silicosis. We are asked to reverse the judgment because (1) Lockhart had the burden of proving that there was a silica hazard in the company's coal mine in which he worked, and which he failed to do; and (2) Lockhart failed to prove an exposure to silica for at least two years before his disability.

The company contends that Lockhart did not contract silicosis in its mine and that, even though it be conceded that he does have silicosis, it was incumbent upon him to show that there were quantities of silica in the air in the mine sufficient to cause him to contract silicosis. In this connection it may be said that .a condition of five million particles of free silica per cubic foot of air is generally considered as an injurious exposure. It is true that the burden was upon Lockhart to show he had silicosis and that he contracted it while working in the company's mine under conditions specified in KRS 342.316. KRS 342.316(3) follows:

"In claims for compensation due to silicosis, it must be shown that the employe was exposed to the hazards of the disease of silicosis in his employment within this state for at least two years before his disability or death provided that no part of such period of two years shall have been more than five years before the last exposure, and only the employer in whose employment the employe was last injuriously exposed to the hazards of such disease and his insurance carrier, if any, on the risk when such employe was last so exposed under such employment during a period of sixty days, shall be liable for compensation payable for disability or death."

It is uncontradicted that Lockhart is suffering from silicosis in an advanced stage, and that he is totally and permanently disabled. He went to work for the company's predecessor in 1933. He quit work in April, 1951. In 1949, he went to the company's hospital in Lynch for an examination on account of his lungs. He was examined and X-ray pictures were made, but he was given no report as to the condition of his lungs. He then went to Dr. Bailey, whose X-ray examination showed that he had dust in his lungs. Dr. Bailey told Lockhart not to work any more where there was dust. The mine superintendent gave Lockhart a job on the main line which was free from dust. He stayed on this job until April, 1951. Prior to the time Lockhart went to work for the company he had worked in mines as a driller. Throughout his period of service with the company he worked as driller, though in later years he worked less frequently in that capacity. During the latter part of 1948 and the early part of 1949 he worked some 12 to 18 shifts drilling shafts from the roof of a lower vein of coal to the floor of an upper vein. These shafts were from 18 to 42 feet high and ranged from 12 feet in diameter at the bottom to 8 to 10 feet at the top. Much dust was created while these shafts

were being drilled and there was little ventilation in them. Most of the drilling done by Lockhart during the latter years of his service with the company was moist drilling. This condition is created by the attachment of a water hose to the drill. The hose is put in operation after a hole has been drilled for a depth of approximately two inches. There was testimony, however, that the moisture device frequently failed to work. The earlier drilling done by Lockhart was without the aid of moisture.

Samples of sand from the areas where Lockhart had done his last drilling in the mine were analyzed by Thomas A. Kendall, a Research Analyst in the College of Engineering of the University of Kentucky. These four samples showed silica contents ranging from 55.9 per cent to 76.5 per cent. Mr. Kendall made no analysis as to the size of the silica particles nor as to the approximate number of particles per cubic foot of air. His testimony did show, however, that the rock strata in the mine at the places where Lockhart had been working contained a large percentage of silica. Mr. Hozdic, an Industrial Specialist, made a series of tests for the company for the purpose of ascertaining the amount of dust and free silica in the mine in the areas where Lockhart had been drilling. During one or more of these tests a blower fan was set up which improved materially the condition of the air over what it would have been without the fan. Mr. Hozdic's tests showed that there were less than one million particles of free silica per cubic foot of air.

██ It would serve no useful purpose to review the conflicting evidence as to the amount of drilling done by Lockhart during the five years prior to the time he quit that type of work in 1949 and as to the conditions under which the drilling was done. That he contracted silicosis is beyond dispute. Furthermore, there is no proof that he had the disease when he began working for the company in 1933. It is generally believed that silicosis is caused from the breathing of very small particles of free silica over a period of several years. It is true that Lockhart did not present proof showing an exposure of five million particles of free silica per cubic foot. However, his proof did show that the rock strata in the mine in the areas where he did his last drilling contained large amounts of silica. It was shown also that he did some dry drilling and that on occasions there was a large amount of dust in the air while the drilling was being done. And again, he contracted silicosis. We believe his proof was sufficient to meet the burden placed upon him.

In support of its second contention the company says that Lockhart worked at drilling only some five weeks during the last five years of his employment. The point is made that, according to the wording of KRS 342.316(3), heretofore quoted, Lockhart was required to show "a continuous exposure of two years to the hazards of the disease or condition, no part of which two-year period shall have occurred more than five years before the last exposure." The trouble with this argument is that the statute does not require "a continuous exposure of two years." We would be unwilling to say, on the record before us, that Lockhart was confronted with an injurious exposure to free silica only when he was drilling. It is our conclusion that the facts and circumstances pertaining to the last five years of Lockhart's employment were sufficient to bring his disability resulting from silicosis within the scope of the statute.

Judgment affirmed.