■
**Opha SEXTON, Appellant, v. COMMON-WEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 6, 1953.

James C. Brock, Harlan, for appellant.

J. D. Buckman, Jr., Atty. Gen., Wm. D. Simpson, Asst. Atty. Gen., for appellee.

PER CURIAM.

Judgment of conviction for possession of whisky for sale in local option territory, imposing a fine of $50 and 30 days in jail.

Appeal denied. Judgment affirmed.

■
**UNITED STATES STEEL COMPANY, Appellant, v. Lester Tillman JACKSON et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 6, 1953.

James Sampson and Edward G. Hill, Harlan, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, for appellant.

George R. Pope, Carlos B. Pope, Harlan, for appellees.

WADDILL, Commissioner.

This appeal is from a judgment confirming an award of the Workmen's Compensation Board granting appellee, Lester Tillman Jackson, compensation for total permanent disability resulting from silicosis. For reversal, it is urged (1) that appellee failed to establish that there was a silica hazard in the appellant's coal mine in which he worked; and (2) appellee did not prove an exposure to the silica hazard for at least two years before his disability.

The evidence in this case and the grounds relied upon for reversal are substantially the same as those appearing in the case of United States Steel Co. v. Lockhart, Ky., 261 S.W.2d 643. In that opinion the court set forth its reasons why the grounds advanced for a reversal were without merit. To repeat them here would serve no useful purpose.

Judgment affirmed.

■
**Sam BANKS et al., Appellants, v. Maude Dixon CORDER, Appellee.**

Court of Appeals of Kentucky.

Nov. 6, 1953.

See, also, 243 S.W.2d 661.

Faulkner & Faulkner, W. E. Faulkner, Hazard, for appellants.

Don A. Ward, S. M. Ward, Hazard, for appellee.

PER CURIAM.

Motion for an appeal from the Perry Circuit Court. R. C. Littleton, Special Judge.

We are affirming the judgment for $500 in this case because we think (1) there was sufficient evidence to submit the case to the jury; (2) the verdict was not excessive; and (3) the jury was not acquainted with the verdict of the jury on the former trial of the case.

Judgment affirmed.

DUNCAN, J., did not sit in this case.