KINKER

v.

AMERICAN RADIATOR & STANDARD SANITARY, Inc., et al.

Court of Appeals of Kentucky.

May 28, 1954.

Philip P. Ardery, Louisville, for appellant.

T. C. Carroll, Louisville, S. L. Greenebaum, J. D. Buckman, Jr., Atty. Gen., for appellees.

CULLEN, Commissioner

Gustav H. Kinker sought workmen's compensation for disability from silicosis alleged to have been contracted while in the employ of the American Radiator & Standard Sanitary, Inc. The Workmen's Compensation Board denied compensation, and upon appeal to the circuit court the board was upheld. Kinker now appeals to this Court.

There was a conflict in the medical testimony as to whether Kinker does in fact have silicosis, and a conflict in the evidence as to whether Kinker was exposed to the hazards of silicosis during his employment in different capacities, over a period of some 14 years, in the plant of the American Radiator & Standard Sanitary, Inc.

The Workmen's Compensation Board made only one finding of fact, which was that Kinker had failed to sustain the burden of proving that he was exposed to the hazards of silicosis during his employment. This finding was based upon an unprecedented approach, as evidenced by the following excerpt from the board's written opinion.

"The only evidence introduced by the plaintiff to establish that a hazard existed is that the claimant worked in large concentrations of dust in his employment at defendant's plant. This, of course, falls far short of establishing that the plaintiff was exposed to the hazards of silicosis. If the evidence were such that it could be definitely determined whether or not plaintiff was actually suffering from silicosis, the requirement of definite proof of exposure to the hazard would not be insisted upon, but, here, we are not at all satisfied that the proof shows that the plaintiff is suffering from the disease of silicosis.

"Accordingly, therefore, it is our opinion that the plaintiff has failed to sustain the burden of proving that he was exposed to the hazards of the disease of silicosis in his employment with the defendant."

It is our opinion that the board erred in not determining the question of whether Kinker does in fact have silicosis.

It seems to us that in silicosis compensation cases the existence of the disease is an essential fact. If the disease does not exist in the claimant, the question of exposure to the hazard never is reached. If the disease does exist, the question of whether there was an exposure to hazard in the employment then will be determined, not as an abstract proposition, but in the light of the fact that the disease exists. United States Steel Co. v. Lockhart, Ky., 261 S.W.2d 643.

We think Kinker was entitled to a finding on the question of existence of the disease. Although the evidence was such as to make the question a close one, the board had no right, merely for that reason, to dodge the question. Obviously,

Kinker either has the disease or does not have it. If the board should decide that he does have it, then the fact of his having it would be entitled to just as much weight as if the fact had never been disputed.

The judgment is reversed, with directions to enter judgment remanding the case to the Workmen's Compensation Board for proceedings in conformity with this opinion.