**UNITED STATES COAL & COKE COMPANY et al., Appellants,**

v.

**Hosea HOOKS et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 3, 1956.

James Sampson, William A. Rice, Harlan, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, for appellants.

G. E. Reams, Harlan, for appellees.

CLAY, Commissioner.

The Workmen's Compensation Board awarded the appellee employee partial permanent disability benefits for silicosis. The actual existence of this disease was established by competent medical testimony. The circuit court confirmed the award, and on this appeal the employer maintains the employee did not introduce sufficient proof of exposure to silica dust within the requirements of KRS 342.316.

Plaintiff testified that he had worked in the employer's coal mine for 26 years; that from 1928 to 1938 he operated "a gathering motor" which used sand for traction purposes; that for three years prior to the termination of his employment, although his regular job was that of a coal loader, he acted as an extra motorman or brakeman two or three days out of each week. He further testified that the use of the sand in the operation of the motor created a substantial amount of fine dust which he necessarily inhaled.

The employer's evidence was to the effect that the employee operated the motor only on a few occasions within the last five years of his employment, and it is contended that the vague and indefinite testimony of the employee did not sufficiently establish that he had been exposed to the hazards of silicosis for at least two years, as KRS 342.316 requires.

In United States Steel Co. v. Lockhart, Ky., 261 S.W.2d 643, we decided that technical proof of the presence of free silica was not required, and further that it was not necessary for the employee to prove a *continuous* exposure to the hazard for a period of two years. In Kinker v. American Radiator & Standard Sanitary, Inc., Ky., 268 S.W.2d 948, we held that if the disease is shown to exist, the question of exposure to the hazard will be determined in the light of that fact.

We think the employer's own evidence definitely shows some degree of exposure and the evidence was conflicting as to its extent. The Workmen's Compensation Board had adequate evidence of substance upon which to base its finding that the employee was exposed to the hazard for a sufficient time to satisfy the requirements of the applicable statute.

The judgment is affirmed.