AMERICAN RADIATOR & STANDARD
SANITARY CORPORATION et al.,
Appellants,

v.

Henry P. HART, Appellee.

Court of Appeals of Kentucky.

Feb. 26, 1960.

Greenebaum, Barnett & Wood, Louisville, for appellants.

Ephriam K. Lawrence, Louisville, Sanders & Redwine, Pikeville, for appellee.

MILLIKEN, Judge.

This is an appeal from a judgment remanding a case to the Workmen's Compensation Board for further findings after the Board had dismissed the employee's claim as barred by the Statute of Limitations.

Henry P. Hart, now over sixty years of age, worked at manual labor for the American Radiator & Standard Sanitary Company from 1922 to August 9, 1956, except for a period of three years, from 1933 to 1936, when he was employed as a cook in the Civilian Conservation Corps, and a period from June, 1942, to November, 1946, during which he was a cook in the Army. In its brief the Company admits that it knew as early as July, 1953, that this employee had silicosis. The Company kept him on its payroll until he was forced to quit work in August, 1956, after which Hart filed his claim for compensation with the Workmen's Compensation Board. The Company insists that the decision of the Workmen's Compensation Board turns on a single, determinative factual issue of whether Hart was exposed to silica dust at the Company's plant within the three years immediately preceding his filing of his claim with the Workmen's Compensation Board on August 4, 1956. The applicable statute, KRS 342.-185, declares in part:

> "Notice of accident; claim for compensation; time for filing * * * In cases of the disease of silicosis, caused by the inhalation of silica dust, no application for compensation shall be considered unless notice is given and claim is made within three years after the last injurious exposure to silica dust."

The Board found that Hart had not been exposed to toxic amounts of silica since his return to work for the Company in 1946 and that his claim, as a consequence, was barred by the Statute of Limitations. The Circuit Court set aside the findings of the Board and remanded the case for the taking of further proof concerning, namely, "the Company records of Hart's physical examination when he returned to the employ of American Standard in 1946, the records of the Company dust counts from August, 1953, to August, 1956, in the departments in

which Hart was working, and the significance of the change in condition of Hart as interpreted from the X-rays of 1953 and 1956," all of which the trial judge claimed was necessary before he could "come to a satisfactory determination of whether or not there was an injurious exposure subsequent to August 4, 1953."

Conceding that Hart had not produced what appeared to be the best evidence available to him, the trial judge declared:

"* * * All the record reveals to me is that Hart had a progressive ailment of silicosis, that he somehow, sometime, contracted it in his employment by the American Standard, and American Standard is a foundry operation and so a critical industry in silicosis incidence.

"In such critical industries, however, the employee is given a presumption of the correctness of his position where it relates to the disease of silicosis contracted during the employment. United States Steel Co. v. Lockhart, Ky., 261 S.W.2d 643 (limestone quarrying), and a general resolution of doubt in the employee's favor in all compensation matters, Hinkle v. Allen-Codell Co., 298 Ky. 102, 182 S.W.2d 20.

"I don't think the evidence of the absence of injurious quantities of free silica in the Return Goods Department as of August, 1953, as offered by the American Standard, is sufficiently 'substantial' to overcome the claimant's presumption of its presence, since it must be concluded that the silicosis was contracted during the employment."

In order that the Board might dispose of claims under the Workmen's Compensation Act, and the courts not be burdened with them, the powers of the courts, on appeals from findings of the Board, have been limited by our statutes. "An award or order of the board * * * shall be conclusive and binding as to all questions of fact," but the court may pass on the question of whether the "findings of fact support the order, decision or award," and may remand "the cause to the Board for further proceedings in conformity with the direction of the court" when it concludes that the findings of fact do not support the Board's order. KRS 342.285.

We share the trial judge's dissatisfaction with the state of the record in the case, but cannot agree with his conclusion that the Board's findings of fact are not supported by substantial evidence. Even if we conclude that Hart incurred his silicosis while employed by the Company, a conclusion which appears imperative in this case, we cannot infer with equal assurance that he incurred the disease after his return to work with the Company in 1946. The evidence in this record shows that Hart worked as a brass polisher or buffer, a plant guard, a helper in the Return Goods Department, and as a tester in the Quality Control Department from 1946 to 1956, in none of which operations was silica used. The testimony of fellow employees as well as experts is overwhelmingly to the effect that whatever dust was found in those areas of work was ordinary "garden variety" dust in ordinary quantities, and the Company's periodic dust counts revealed no toxic amounts of silica present.

We do not believe that our opinion in U. S. Steel v. Lockhart, 1953, Ky., 261 S.W.2d 643, 645, relied upon by the trial court, is authority for overruling the Board in the case at bar. There we said:

"It is true that Lockhart did not present proof showing an exposure of five million particles of free silica per cubic foot. However, his proof did show that the rock strata in the mine in the areas where he did his last drilling contained large amounts of silica. It was shown also that he did some dry drilling and that on occasions there was a large amount of dust in the air while the drilling was being done. And again, he contracted silicosis. We be-

lieve his proof was sufficient to meet the burden placed on him.".

In the case at bar we have silicosis, apparently admittedly incurred while employed by the Company before 1940 at a time when it did not have modern, safer equipment. As heretofore stated, the evidence is overwhelming that Hart could not have incurred the disease in the areas where he worked after his return in 1946. In the face of such evidence, we are forced to conclude that the Board's findings are supported by substantial evidence and that Hart's claim is barred by the Statute of Limitations.

The judgment is reversed.