Jessie **CHILDERS**, Appellant,

v.

**HACKNEY'S CREEK COAL COMPANY**
et al., Appellees.

Court of Appeals of Kentucky.

May 27, 1960.

Dan Jack Combs, Pikeville, for appellant.

John M. Stephens, Pikeville, for appellees.

CULLEN, Commissioner.

Jessie Childers made application to the Workmen's Compensation Board for an award of compensation for total permanent disability resulting from silicosis. The referee's opinion recommended such an award. Application for a full board review was made and on April 1, 1958, an "Opinion and Order" was issued, setting aside the report of the referee and denying compensation on the ground that the employe had not sufficiently proved an injurious exposure to the hazard of silicosis in his employment with the mining company from which he sought compensation. The "Opinion and Order" bore in its caption the recitation that two of the five members of the board were not sitting. One member filed a dissenting opinion. Accordingly, the purported full board opinion and order actually was that of only two members.

On April 15, 1958, the board entered the following order:

"The Board having noted that the purported opinion and order of April 1, 1958, was concurred in by only two members of the Board, and being of the opinion that a valid order or award requires the concurrence of at least three members, the Board, upon its own motion, adjudges, decrees and orders that the opinion and order of April 1, 1958, is a nullity and is therefore cancelled and set aside, and that this cause shall be placed upon the motion docket and there remain until at least three members concur in the disposition thereof."

Notwithstanding the above order, Childers took an appeal to the circuit court from the purported order of April 1. His counsel states that the appeal was taken "out of an abundance of precaution." In addition to asking that the order be reversed on its merits, the complaint in the circuit court asked that the order be adjudged void because it had not been approved by a majority of the members of the board. The

circuit court held that the order was valid and affirmed the finding of the board that there was insufficient proof of injurious exposure. In addition, the court held that the employe had not given timely notice of disability to his employer.

The case is now before us on Childers' appeal from the circuit court judgment. We previously have denied, on the ground that there was an adequate remedy by appeal, a separate application filed by Childers in this Court for an order of mandamus or prohibition requiring the judgment to be set aside for want of jurisdiction of the circuit court. Childers v. Stephenson, Ky., 320 S.W.2d 797.

■ It is our opinion that the purported order of April 1 was a nullity and that the circuit court should have so adjudged and remanded the case to the board. It is true that subsection (1) of KRS 342.255 provides that a majority of the board shall constitute a quorum "for the transaction of business," and that under KRS 446.050 a majority of a quorum of an official body ordinarily is empowered to exercise the authority of the body. See Ray v. Armstrong, 140 Ky. 800, 131 S.W. 1039. But the rule announced by KRS 446.050 does not apply where by express words or clear implication a contrary intention is indicated with respect to a particular body. Traylor v. Cummins, 222 Ky. 438, 1 S.W.2d 530. Such a contrary intention is indicated with respect to the Workmen's Compensation Board in the last sentence of subsection (2) of KRS 342.255, which is, "Any investigation, inquiry, hearing or *decision* of the board and any order made by a member thereof, when approved by a *majority of the members* and so shown on a record of its proceedings, shall be considered an order of the board." (Emphasis supplied.) That an order of the board requires the approval of a majority of its members was recognized in Spencer v. Chavies Coal Co., 280 Ky. 152, 132 S.W. 2d 746.

While we are reversing the judgment on the ground that there has been no final order of the board, we deem it appropriate to comment on the merits of the case with respect to the questions of timely notice of disability and proof of injurious exposure, since those questions may again be litigated.

■ As concerns the question of notice of disability, it appears to be conceded that the employe gave notice within a sufficient time after receiving a medical diagnosis that he had silicosis. However, under the 1956 amendment to KRS 342.316(2), it is required that "notice of disability shall be given to the employer as soon as practicable after the employe first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted such disease." There was evidence that some 14 months prior to the time he underwent the medical examination that resulted in the diagnosis of silicosis, Childers was experiencing shortness of breath. In the opinion and order of April 1 it was found as a fact that this shortness of breath was not such a "distinct manifestation" as reasonably to apprise Childers that he had contracted silicosis. However, the circuit court treated the question as one of law and held as a matter of law that the shortness of breath was a "distinct manifestation" within the meaning of KRS 342.316(2).

The evidence was that the reason Childers had a medical examination was not because he was concerned about his condition, but because it was required by another mining company with which he sought employment when his current employer was about to shut down its business. One of the doctors who examined him testified that Childers could not have known he had silicosis "without being told." Under the circumstances of this case we think the question of whether Childers had experienced distinct manifestations sufficient to apprise him that he had con-

tracted silicosis was one of fact, and that the evidence would sustain a finding in the negative.

■ With respect to the question of exposure to the hazard of silicosis in his work for the employer from whom he sought compensation, it appeared to be the view of the member of the board who wrote the opinion and order of April 1 that where an employe has contracted silicosis in its initial stages in working for one employer, and then takes employment with another, he cannot hold the latter employer liable for compensation without *scientific proof* that silica dust was present in the place of his latter employment in sufficient quantity to be capable of causing silicosis in a healthy man. This view was based on the provision of KRS 342.316(1) (b) that "injurious exposure" shall mean "that exposure to occupational hazard which would, independently of any other cause whatsoever, produce or cause the disease for which claim is made."

It is provided in KRS 342.316(12) that the employer in whose employment the worker was "last injuriously exposed to the hazard of, the disease" shall be liable for compensation. Obviously this contemplates that the worker also may have been exposed in some prior employment and may even have contracted the disease in a substantial degree in such prior employment. All that is required under KRS 342.316(1) (b) is that the exposure be such as could cause the disease independently of any other cause. It will be noted that under neither of the cited subsections is there any mimimum *time* requirement for the period of exposure. Accordingly, it is not required that the employe prove he *did* contract silicosis in his last employment, but only that the conditions were such that they could cause the disease over some indefinite period of time.

In such cases as United States Steel Company v. Lockhart, Ky., 261 S.W.2d 643; Jones v. Crummies Creek Coal Company, Ky., 264 S.W.2d 294; Kinker v. American Radiator & Standard Sanitary, Inc., Ky., 268 S.W.2d 948; Robinson v. Peabody Coal Company, Ky., 273 S.W.2d 573, and United States Coal & Coke Co. v. Hooks, Ky., 286 S.W.2d 918, this Court held that where the employe was shown to have silicosis, and had worked for a substantial period of years for the employer from whom he sought compensation, *scientific proof* of the presence of silica dust in injurious quantity was not required. In the Peabody and Hooks cases the employe was engaged in the same type of work as was Childers in the instant case, namely, the operation of a mine motor car which used sand for traction purposes.

■ In the instant case Childers admittedly had silicosis. According to the medical testimony he had it in some degree when he began work for his last employer. However, it had not advanced to a disabling stage. He worked for his last employer for 23 months, operating the mine motor car. There was testimony that he was exposed several hours a day to dust from the sand used for traction and to rock and coal dust. At the end of the 23 months the silicosis had progressed to a disabling stage. Under these circumstances we think the board would have been entitled to find that there was injurious exposure within the meaning of the statute, without requiring scientific proof of the presence of silica dust in sufficient quantity to be capable of causing silicosis.

The judgment is reversed, with directions to remand the case to the Workmen's Compensation Board for further proceedings.