**BLUE DIAMOND COAL COMPANY,**
Appellant,

v.

**Joe NAPIER, Appellee.**

Court of Appeals of Kentucky.

June 10, 1960.

Rehearing Denied Sept. 30, 1960.

J. W. Craft, Jr., Hazard, for appellant.

William Melton, Hazard, for appellee.

WADDILL, Commissioner.

The Workmen's Compensation Board awarded appellee, Joe Napier, compensation benefits against the appellant, Blue Diamond Coal Company, for total permanent disability resulting from silicosis. KRS 342.095, 342.316. As grounds for reversal of the judgment affirming the award, it is contended that: (1) Appellee failed to establish that he sustained the last injurious exposure to the disease of silicosis while he was employed by appellant; (2) the evidence is insufficient to support the finding of the Board that appellee is totally and permanently disabled.

Appellee was 43 years of age when he filed his claim for compensation. He had been operating a coal cutting machine in appellant's mine for over three years when he was laid off from work in August, 1958, due to a reduction of the working force at the mine. When the mine resumed full operation in February, 1959, appellee was offered re-employment on the condition that he could pass a physical examination. When it was ascertained that appellee's lungs were congested from the effects of coal dust, he was refused re-employment. The examining physician was of the opinion that appellee had silicosis.

It is contended that appellee's exposure to rock dust during the period he worked in appellant's mine could not have produced the degree of silicosis from which appellee was suffering in February, 1959. Therefore, it is argued that appellee contracted silicosis prior to his employment with appellant.

While there is some medical testimony to the effect that it requires ten to twelve years' exposure to develop the first stage of silicosis, there was also medical testimony which supports the conclusion reached by the Board that appellee contracted silicosis during the course of his employment with appellant. The medical experts all agree that each exposure which appellee had experienced while employed in appellant's mine was injurious.

In Childers v. Hackney's Creek Coal Company, Ky., 337 S.W.2d 680, this Court said:

"It is provided in KRS 342.316(12) that the employer in whose employment the worker was 'last injuriously exposed to the hazard of the disease' shall be liable for compensation. Obviously this contemplates that the worker also may have been exposed in some prior employment and may even have contracted the disease in a substantial degree in such prior employment. All that is required under KRS 342.316(1) (b) is that the exposure be such as could cause the disease independently of any other cause. It will be noted that under neither of the cited subsections is there any minimum *time* requirement for the period of exposure. Accordingly, it is not required that the employe prove he *did* contract silicosis in his last employment, but only that the conditions were such that they could cause the disease over some indefinite period of time."

In the case at bar it was shown that appellee performed his duties in appellant's mine for approximately three and one-half years before becoming disabled from silicosis. It was also established that appellee was last injuriously exposed to the hazard of the disease during his employment in appellant's mine. These facts are sufficient to support the finding of the Board that appellee's disability resulted from injurious exposures to rock dust while employed by appellant.

Dr. B. E. Jones, whose qualifications as a specialist in diseases of the chest are quite impressive, testified that he examined appellee on February 25, 1959, and found extensive and moderate sized nodular areas of fibrosis scattered throughout appellee's lungs. Dr. Jones stated that it was his opinion that appellee has silicosis and that it is a disease which will cause appellee's condition to become progressively worse. Dr. Jones further stated that appellee was probably able to perform light work in moderation, but should not be engaged in any type of endeavor which would cause him to be in contact with dust or any other bronchial irritants. It was the doctor's opinion that appellee is totally disabled for work in a coal mine.

Dr. Jones' testimony is sufficient to sustain the award of total permanent disability.

Judgment affirmed.