Elijah GIBSON, Appellant,

v.

**BLUE DIAMOND COAL COMPANY et.al., Appellees.**

Court of Appeals of Kentucky.

Feb. 3, 1961.

C. W. Napier, Hazard, for appellant.

J. W. Craft, Jr., Hazard, for appellees.

CLAY, Commissioner.

This is an appeal from a judgment confirming an order of the Workmen's Compensation Board which denied the employee-appellant's compensation claim for disability caused by silicosis.

The employee had worked in coal mines for forty years and had been exposed more or less continuously to rock dust and sand. In 1951 he was employed by appellee. At that time he had already contracted the "disease" of silicosis although it had not reached the disabling stage. He worked for appellee from 1951 to December 1956, during which time he was further exposed to rock dust and sand. He quit work because of an injury, and approximately a year later filed his claim for total and permanent disability caused by silicosis.

Our workmen's compensation laws, as they pertain to silicosis, have shifted and changed materially in recent years. Prior

to August 1, 1956, because the parties were not operating under the silicosis provisions of the Act, the employee would have had no valid claim for compensation against appellee even if he had become totally and permanently disabled from silicosis while in its employ. As of August 1, 1956, however, under KRS Chapter 342, appellee's employees were covered with respect to this "occupational disease." (KRS 342.005)

The Board took the view that the amendments to KRS Chapter 342, effective August 1, 1956, did not have a retroactive effect and since the employee had contracted silicosis on or before 1951, the employer was not subject to liability. This ruling was made prior to our decision in Osborne Mining Company v. Davidson, Ky., 339 S.W.2d 626.

In that case the fact situation was almost identical with the one before us and the questions here raised were there considered. We held that under KRS 342.316(12), liability is imposed on the employer in whose employment the employee "was last injuriously exposed to the hazard of the disease," and the fact that such disease had been manifested prior to the last exposure was immaterial. That case is decisive of the present one.

 It may be observed that silicosis is acquired over a long period of years, and until it becomes disabling the employee could have no claim for compensation. The legislature, recognizing this fact, has provided that compensation for disability shall be payable by the employer in whose employment the employee was last injuriously exposed to the hazard of the disease. While it is true that prior exposure undoubtedly contributes to the ultimate disability, the controlling factor is not when or where the disease developed but where the employee became disabled while working under the occupational conditions which would (regardless of the time element) cause such disease. KRS 342.316(1) (a, b). See Childers v. Hackney's Creek Coal Company, Ky., 337 S.W.2d 680.

A slight ambiguity in the latter section would have been removed had the legislature identified the disease to which the statute refers as a "disabling" disease. This is clearly the meaning since the employee cannot recover simply because he contracts an occupational disease, but only when such disease results in disability. (See KRS 342.005(1)). Thus disability plus last exposure constitutes the basis of the claim, regardless of prior exposures or manifestations of the disease. No question of giving retroactive effect to the statute is involved.

Appellant had a proper claim for compensation based upon "last exposure," and we find that the other conditions of the Act concerning the prosecution of the claim were met.

Wherefore, the judgment is reversed with directions to remand the case to the Workmen's Compensation Board for the entry of an award to the employee consistent with the disability proved.