**W. M. COAL COMPANY, Inc. et al.,**
Appellants,

v.

**Luther CAMPBELL et al., Appellees.**

Court of Appeals of Kentucky.

March 24, 1961.

W. M. Melton, Don Ward, Hazard, Charles M. Tackett, Lexington, for appellants.

Armer H. Mahan, Davis & Mahan, Louisville, Willis W. Reeves, Reeves & Barrett, Hazard, for appellees.

James Sampson, William A. Rice, Harlan, amicus curiae.

MOREMEN, Judge.

Appellee, Luther Campbell, was adjudged to be totally disabled under the terms of the Workmen's Compensation Act because he had contracted the disease of silicosis. He had been a coal miner for many years and had been exposed to dust hazards during the entire period.

The board adjudged that he was last injuriously exposed to the hazard of the disease during his employment by W. M. Coal Company. The principal controversy in this case is between the two insurers of W. M. Coal Company.

The policy of appellant, Employers Casualty Underwriters, covered the W. M. Coal Company during the time Luther Campbell worked for it from January 1958 to July 31, 1958. The policy issued by appellee, Coal Operators Casualty Company, covered the period from August 1, 1958 to August 12, 1958, the last day of work for Luther Campbell.

The board adjudged that Employers Casualty Underwriters was liable under its policy on the ground that the period of the last twelve days of Campbell's employment was too short to have furnished a causal connection with the disability, and said:

"Plaintiff worked for the defendant, W. M. Coal Company, only about twelve days at the most after 1 August, 1958, and had worked prior thereto

for some seven months. Pneumoconiosis is a progressive disease, and continued and prolonged exposure to rock and coal dust aggravates it. The evidence shows conclusively that plaintiff was exposed to the hazards of the disease during the seven months prior to 1 August, 1958, while he was employed by W. M. Coal Company, and we believe from the evidence it was during this period plaintiff was 'injuriously exposed to the hazards of the disease' and not during the period from 1 August, 1958, to 12 August, 1958."

The order of the board was upheld by the circuit court. The foregoing decision by the board was made prior to our most recent decisions. In Childers v. Hackney's Creek Coal Company, Ky., 337 S.W.2d 680, it was pointed out that the Workmen's Compensation Statute, which provides payments for occupational diseases, contemplates that the workman may have contracted the disease in a substantial degree during prior employment. It was there held that the employee, in order to establish liability on the part of his last employer, must merely prove that the conditions in this last employment were such that over some indefinite period of time they could have caused the disease which led to his disability.

Again in Gibson v. Blue Diamond Coal Company, Ky., 342 S.W.2d 698, 699, it was pointed out:

"It may be observed that silicosis is acquired over a long period of years, and until it becomes disabling the employee could have no claim for compensation. The legislature, recognizing this fact, has provided that compensation for disability shall be payable by the employer in whose employment the employee was last injuriously exposed to the hazards of the disease. While it is true that prior exposure undoubtedly contributes to the ultimate disability, the controlling factor is not when or where the disease developed but where the employee became disabled while working under the occupational conditions which would (regardless of the time element) cause such disease. KRS 342.316(1) (a, b). See Childers v. Hackney's Creek Coal Company, Ky., 337 S.W.2d 680."

It is plain from the foregoing opinions that the date of disability is the important and controlling factor in fixing liability as to various employers. It is recognized that the disease may have developed over many years of employment, but the ultimate fact which annexes liability to a specific employer is the date of incapacity under conditions which could cause the disease.

In this case Luther Campbell became disabled on August 12, 1958, when appellee, Coal Operators Casualty Company, was the insurer of the employer, W. M. Coal Company. It follows that this insurance company should be responsible under its policy.

Judgment reversed.