**SOUTH-EAST COAL COMPANY,**
Appellant,

v.

**Frank B. DINGUS, Appellee.**

Court of Appeals of Kentucky.

Dec. 15, 1961.

J. W. Craft, Jr., Hazard, for appellant.

C. W. Napier, Hazard, for appellee.

WADDILL, Commissioner.

This appeal is from a judgment reversing an order of the Workmen's Compensation Board which dismissed appellee's claim seeking compensation for disability caused by the disease of silicosis. The Board ruled, and appellant contends, that appellee's claim was barred under KRS 342.316(3), which (as amended in 1956) provides:

"(3) The right to compensation under this chapter for disability resulting from an occupational disease shall be forever barred unless a claim is filed with the Workmen's Compensation Board within one year after the last injurious exposure to the occupational hazard or after the employe first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted the disease, whichever shall last occur; * * *."

Appellee was hired by appellant in September, 1948, and after he had worked for several years in appellant's mine, where he was exposed to rock dust and sand, he began having respiratory difficulty which resulted in his being hospitalized for a short time in December, 1954. At that time his condition was diagnosed as silicosis, and two months later he so notified appellant. He continued to work in appellant's mine until December 6, 1957, and on December 4, 1958, he filed his claim with the Board seeking compensation for total permanent disability due to silicosis.

The basis of appellant's contention that the claim is barred by limitations is that "last injurious exposure," as used in KRS 342.316(3), means the last date of exposure before existence of the disease is known to the claimant. Obviously, if this is sound, appellee's claim which was filed four years after the diagnosis would be barred under this statute. However, we have held that a claim was not barred by the statute of limitations when filed within one year from the claimant's last injurious exposure even though the claimant knew he had silicosis prior to his last exposure. Osborne Mining Company v. Davidson, Ky., 339 S.W.2d 626. The mere fact that appellee knew he had silicosis long before his last injurious exposure is immaterial. Gibson v. Blue Diamond Coal Company, Ky., 342 S.W.2d 698.

Also see, Childers v. Hackney's Creek Coal Company, Ky., 337 S.W.2d 680; W. M. Coal Company v. Campbell, Ky., 344 S.W.2d 794.

Since it was established that appellee was last exposed to the occupational conditions which could cause silicosis on December 6, 1957, which was within one year from the filing of his claim, the judgment remanding the case to the Workmen's Compensation Board for the entry of an appropriate award was correct.

Judgment affirmed.