**Gilbert GREGORY, Appellant,**

v.

**PEABODY COAL COMPANY et al.,
Appellees.**

Court of Appeals of Kentucky.

March 9, 1962.

Doyle & Doyle, Harlan, for appellant, Gilbert Gregory.

Clore & Swinford, Pineville, for appellee, Left Fork Coal Co.

Sampson & Rice, Harlan, for appellee, Peabody Coal Co.

MOREMEN, Judge.

Appellant, Gilbert Gregory, was employed as a miner by appellee, Peabody Coal Company, in September 1928, and he worked for that company until March 1958, when the mine was closed. In September 1958, he was hired by appellee, Left Fork Coal Company, where he worked for four weeks and two days, or about twenty-five shifts, after which he was unable to perform any work. On December 4, 1958, he filed with the Workmen's Compensation Board an application for benefits under the Act on the ground that he was totally and permanently disabled by occupational pneumoconiosis. Both coal companies

were named defendants. The case was referred to Hon. George F. Silliman, referee for the Board. After proof was taken he filed an opinion and award in which he found, inter alia, that both appellee companies had due and timely notice of the disease contracted by appellant and: "(1) That the plaintiff was last injuriously exposed to the occupational hazard which would, independent of any other cause whatsoever, produce the cause of the disease while in the employment of the Peabody Coal Company on March 16, 1958; (2) That the plaintiff's employment with the Left Fork Coal Company was not such an exposure as would have caused the disease independent of any other cause, therefore the claim against the Left Fork Coal Company is dismissed."

A full Board review was had and the Board approved the recommendation of the referee as to dismissing appellant's claim against the Left Fork Coal Company, but set aside the findings of fact, rulings of law and the order and award of the referee insofar as they affected the appellee, Peabody Coal Company. This was done on the ground that appellant, for a year prior to August 1957, had suffered from shortness of breath and had other symptoms which would indicate that he was suffering from pneumoconiosis. The ruling was based on the fact that the only medical specialist, Dr. Anderson, testified that at the time he saw appellant, on December 2, 1958, the x-ray examination revealed massive fibrotic density in both upper lung fields and that he also examined the x-ray film which had been made by another doctor on August 20, 1957, and he noted there was no appreciable difference between the two x-ray films. It was his opinion that Gregory had the disease as early as August 20, 1957.

In addition, Gregory had testified that for a year prior to August 1957, he had shortness of breath and other symptoms which should have indicated to him that he was suffering from the disease. It was held since he had such knowledge before

August 1957, that under subsection (2) of KRS 342.316 he should have given notice of his disability to his employer as soon as was practicable. Since neither employer was notified until claim was filed in December 1958, the requirements of the statute were not fulfilled and the claim was dismissed as to both companies. The case was appealed to the circuit court where the court adopted the opinion and award of the Board.

It is clear from the proof that appellant had visited other doctors and had been examined by x-ray as early as 1957, but no doctor had ever reported to him that he was suffering from pneumoconiosis until the final diagnosis by Dr. Anderson a few days before he filed his claim with the Board.

■ The ruling of the Board in this case was made before our decision in Mary Helen Coal Corporation v. Chitwood, Ky., 351 S.W.2d 167; Peabody Coal Company v. Guthrie, Ky., 351 S.W.2d 168; Peabody Coal Company v. Harp, Ky., 351 S.W.2d 170; and Peabody Coal Company v. Powell, Ky., 351 S.W.2d 172. In the Chitwood case we held that under subsection (2) of KRS 342.316 it was not necessary that notice of disability be given until the employee's capacity to perform his work was impaired because of the disease and that it was not necessary for him to give notice when he first experienced some discomfort in breathing or other symptoms of occupational disease. Similarly in the case at bar, although Gregory had suffered from discomfort in breathing, the proof seems certain that he ably performed his duties until October 17. He was examined by Dr. Anderson on October 22 and his disease was properly diagnosed. About a month later he filed his claim before the Board. The filing of this claim was within reasonable time and with sufficient notice. Peabody Coal Company v. Powell, Ky., 351 S. W.2d 172.

The question remains, however, of the fixation of liability as between his two em-

ployers, the Peabody Coal Company, for which he had worked about thirty years, and the Left Fork Coal Company for which he had worked about twenty-five days.

In Childers v. Hackney's Creek Coal Company, Ky., 337 S.W.2d 680, we said:

"It is provided in KRS 342.316(12) that the employer in whose employment the worker was 'last injuriously exposed to the hazard of, the disease' shall be liable for compensation. Obviously this contemplates that the worker also may have been exposed in some prior employment and may even have contracted the disease in a substantial degree in such prior employment. All that is required under KRS 342.316(1) (b) is that the exposure be such as could cause the disease independently of any other cause. It will be noted that under neither of the cited subsections is there any minimum *time* requirement for the period of exposure. Accordingly, it is not required that the employe prove he *did* contract silicosis in his last employment, but only that the conditions were such that they could cause the disease over some indefinite period of time."

■ In Gibson v. Blue Diamond Coal Company, Ky., 342 S.W.2d 698, it was again pointed out that the controlling factor is not when or where the disease developed, but where the employee became disabled while working under occupational conditions which would, regardless of the time element, cause such disease. See also W. M. Coal Company, Inc. v. Campbell, Ky., 344 S.W.2d 794.

This brings us to the difficult question of whether Gregory worked at the Left Fork Coal Company mine under conditions which were such that they could cause pneumoconiosis over some indefinite period of time. There was considerable proof in the record that this mine was the type known to the trade as a wet mine. Sev-

eral witnesses testified that there was very little dust and the conditions were excellent. However, appellant Gregory testified there was dust.

"Q. Was there dust? A. Practically any, wet dust.

"Q. But there was dust, wasn't there? A. Yes, some.

"Q. And that dust got up into the air, didn't it?

"A. Yes, if you stirred it up."

He testified that one had to breathe "mighty little" of the dust.

When Dr. Anderson was placed on the stand, he testified as follows:

"Q. If there was sufficient water present in a particular mine, can that presence of water keep down all dust? A. No. This has been shown by the Bureau of Mines that the dust that is kept down by water is predominately the larger particle sizes which aren't particularly important, and the Bureau of Mines has shown that even though water is used the dust the size of a red-blood cell and smaller, which is the size that does the damage, is still present in the air."

■ In addition, in answer to a hypothetical question which described the working conditions in the mine and Gregory's participation, Dr. Anderson stated that if the facts were correct, in his opinion, Gregory was exposed during the period of his work with the Left Fork Coal Company to an occupational hazard which, independently of all other factors, would be a causative agent of occupational pneumoconiosis. This was the only proof of a scientific character in the record. It was definitely shown that the exposure at the place of last employment, Left Fork Coal Company, was such as could have caused the disease independently of any other cause. Since there is no minimum time re-

quirement for the period of exposure— Childers v. Hackney's Creek Coal Company, Ky., 337 S.W.2d 680—an award in favor of appellant and against appellee, Left Fork Coal Company, should have been made.

In the light of our recent decisions the Board's ruling was erroneous in failing to grant appellant compensation. The judgment is therefore reversed with directions to enter a judgment remanding this case to the Board for entry of an award in conformity with the views expressed in this opinion.

Judgment reversed.