HIGH SPLINT COAL COMPANY, Appellant,

v.

Joe CHANDLER, Appellee.

Court of Appeals of Kentucky.

Dec. 14, 1962.

**104**

T. E. Mahan, Williamsburg, Patterson & Berger, Pineville, for appellant.

Doyle & Doyle, Harlan, for appellee.

WADDILL, Commissioner.

Appellee filed an application with the Workmen's Compensation Board seeking adjustment of his claim based upon the allegation that he became disabled on February 21, 1957, due to the disease of pneumoconiosis caused by exposure to dust and other irritants while employed in appellant's mine. The Board dismissed the application on the ground that, although appellee had established he had pneumoconiosis, he had not proved he had contracted the disease while employed by appellant. On appeal, the circuit court adjudged that the dismissal was erroneous and that appellee was entitled to compensation because he had established that he became disabled from pneumoconiosis while working for appellant under conditions which could cause the disease.

. ■ Appellant's sole contention on this appeal is that pneumoconiosis is only a generic term and the actual disease which appellee has contracted is silicosis. Therefore, it is argued that KRS 342.316(4) (as it read in 1957) is applicable and appellee is not entitled to compensation because he has not shown the two-year exposure within this state as required by that subsection. The fallacy of this contention is that the medical testimony does not justify appellant's assumption that appellee's disease is silicosis. Dr. W. H. Anderson, who spe-

cializes in respiratory diseases, diagnosed appellee's condition as occupational pneumoconiosis which he described generally as a fibrotic disease of the lungs due to the inhalation of minute mineral or metallic particles. This testimony adequately supports the finding of the Board that appellee has the disease of pneumoconiosis. Such disease was recognized as an occupational disease without further identification in Gregory v. Peabody Coal Co., Ky., 355 S. W.2d 156.

■ The record shows without contradiction that appellee became disabled and was last injuriously exposed to the hazard of the disease while in appellant's employment thereby satisfying the requirements of KRS 342.316(12). We conclude that the circuit court correctly remanded the case to the Board for the entry of an appropriate award.

Judgment affirmed.