**Silas DAVIS et al., Appellants,**

**v.**

**HARLAN EVERGLOW COAL COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

June 25, 1965.

Joseph K. Beasley, Harlan, for appellants.

William R. Forester, Greene & Forester, Harlan, for appellees.

MONTGOMERY, Judge.

Silas Davis appeals from a judgment that reversed an award of the Workmen's Compensation Board against Harlan Everglow Coal Company adjudging Davis to be totally and permanently disabled by silicosis. On appeal Davis contends that Harlan Everglow was his last employer although he later worked three days for another employer and that the Board's finding of disability before the subsequent employment should not have been set aside.

Davis had been employed as a coal miner over a period of 32 years and had been exposed to the hazard of silica-bearing dust in each mine. He is totally and permanently disabled by reason of silicosis.

Davis worked for Harlan Everglow from sometime in 1957 until May 11, 1961, when Harlan Everglow ceased operations by reason of a lease difficulty. In December 1961, Davis was refused employment by Highsplint Coal Company following a chest X-ray. On December 16, 1961, he was employed by H. & N. Coal Company and worked three days. From Davis' testimony it is uncertain whether his last employment was terminated because he told his employers of his silicosis condition or because he had pneumonia.

Following termination of employment with Harlan Everglow and H. & N., Davis applied for and received unemployment compensation benefits. In each application for benefits he stated his willingness to work and his availability for employment. On January 9, 1962, Davis received medical advice that he had silicosis.

KRS 342.316(12), in essence, provides that the employer where the claimant was last injuriously exposed to the hazards of the disease is alone liable. Disability is the

other factor to be considered. In Gibson v. Blue Diamond Coal Co., Ky., 342 S.W.2d 698, it was held that disability, plus last exposure, constitutes the basis of the claim, regardless of prior exposures or manifestations of the disease.

Later in W. M. Coal Company v. Campbell, Ky., 344 S.W.2d 794, it was pointed out "that the Workmen's Compensation Statute, which provides payments for occupational diseases, contemplates that the workman may have contracted the disease in a substantial degree during prior employment." It was held that the date of disability is the important and controlling factor in fixing liability as to various employers. In Bethlehem Mines Corporation v. Davis, Ky., 368 S.W.2d 176, it was held that an employee is not disabled within the meaning of KRS 342.316(2) "so long as a man is able to carry on his duties though he may suffer while doing it." To the same effect are Stephens Elkhorn Coal Company v. Tibbs, Ky., 374 S.W.2d 504; Brock v. International Harvester Company, Ky., 374 S.W.2d 507; Alva Coal Corporation v. Trosper, Ky., 375 S.W.2d 406; and Lovell v. Osborne Mining Corporation, Ky., (decided June 11, 1965).

■ The facts are not in dispute and the question is one of law. Combs v. Gaffney, Ky., 282 S.W.2d 817. The inescapable conclusion resulting from the application of these rules is that Davis was not disabled at the time his employment with Harlan Everglow ceased. The determination reached by the Board that the compensable disability of Davis commenced while he was in the employ of Harlan Everglow is erroneous.

■ There is no merit in the suggestion by Davis that three days' exposure is insufficient, in view of the holding in Childers v. Hackney's Creek Coal Co., Ky., 337 S.W. 2d 680, that there is no minimum time requirement for the period of exposure. It was held that in order to support a claim it was sufficient "only that the conditions were such that they could cause the disease over some indefinite period of time." See Blue Diamond Coal Company v. Napier, Ky., 337 S.W.2d 879, to the effect that each exposure is injurious.

■ H. & N. had not elected to operate under the provisions of KRS, Chapter 342, Workmen's Compensation, and Davis argues that H. & N. was not an employer within the contemplation of the Act. The language of KRS 342.003(1), (2), 342.005, 342.016, and 342.017 clearly indicates that employers other than those who elect to operate under the Act are also governed by it. The trial court correctly held that H. & N. was an employer within the meaning of Chapter 342.

The New York authorities submitted by Davis may be considered as inapplicable or not controlling in view of the many pertinent decisions of this Court.

Judgment affirmed.