James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Appellant,

v.

EASTERN COAL CORPORATION et al., Appellees.

Court of Appeals of Kentucky.

June 6, 1975.

Earl M. Cornett, Gen. Counsel, Dept. of Labor, Joe A. Newberg, Asst. Counsel, Dept. of Labor, Frankfort, for appellant.

Baird · & Baird, Herbert Deskins, Jr., Pikeville, for appellees.

PALMORE, Justice.

After working underground in coal mines for more than 36 years, Elliott Fletcher quit work on February 23, 1973, because of physical disability resulting from pneumoconiosis. In his compensation proceeding against Eastern Coal Corporation and the Special Fund the board found that he was totally and permanently disabled by reason of pneumoconiosis incurred in the course of his employment as a coal miner and found also that the disability had been conclusively proved to be the result of his last injurious exposure, which was with Eastern Coal Corporation, the last employer.

Upon the employer's appeal the circuit court held that the evidence before the board did not support its finding that Fletcher's disability had been conclusively proved to be the result of his work experience with Eastern. The circuit court therefore apportioned liability 75% to the Special Fund and 25% to the employer rather than 40% to the Special Fund and 60% to the employer. See KRS 342.316(13)(a). The Special Fund appeals.

Eastern was Fletcher's employer for the entire 36 years of his work as a coal miner except for two days in 1948, when he did the same type of work for another mining company. Upon reaching the point of disability in 1973 he had been experiencing shortness of breath for five or six years, and some 25 years had elapsed since the two-day episode of exposure with another employer. The several physicians whose examinations disclosed the presence of pneumoconiosis testified that the disease was in an early stage of advancement, category 1/2(p), 2/1(q) or 2/2(p & q). Though all testified that the disease must be attributed to his entire work experience in the mines, and that any two-day exposure during that experience would be as significant as any other two-day exposure, including

 

the last two days, only one of these witnesses, Dr. R. P. O'Neil, undertook to estimate the period of time required for the disease to develop. None of them was asked to state whether Fletcher could have been affected by a two-day exposure occurring 25 years before the disease reached the stage at which they found it in 1973. According to Dr. O'Neil, "it is generally conceded that it takes approximately ten years to develop coal workers' pneumoconiosis."

In Childers v. Hackney's Creek Coal Company, Ky., 337 S.W.2d 680 (1960), the claimant had worked for his last employer for 23 months after having contacted silicosis in its initial stage or stages while working for a previous employer. Then, as now, the statute fixed responsibility upon the employer in whose service the claimant was "last injuriously exposed" to the hazard of that disease, and we held that the duration of such exposure with the last employer was immaterial. Later, in Davis v. Harlan Everglow Coal Company, Ky., 392 S.W.2d 62 (1965), it was held that an exposure of three days was sufficient to fix responsibility on the last employer.[1] See also Blue Diamond Coal Company v. Napier, Ky., 337 S.W.2d 879 (1960), in which the duration of the last injurious exposure was three and one-half years.

All of these cases involved the duration of injurious exposure with the last employer. Nevertheless, the same principle must apply to previous periods of employment when the question is whether it has been conclusively established that the disease resulted solely from the last employment, and if there is a reasonable probability that a previous employment was to some degree a contributing factor. In view of the medical testimony to the effect that the disease resulted from Fletcher's whole experience in the mines, covering 36 years, it cannot be said to have been conclusively proved that it was attributable solely to his exposure during the employment with Eastern.

The judgment is affirmed.

All concur.

---

[1]. To the extent that Davis v. Harlan Everglow Coal Company is based on the premise that a return to work after a layoff of several months precludes a finding that the worker was already in fact totally disabled by reason of an occupational disease, it was overruled in Yocom v. Karst, Ky., (May 23, 1975).