**Thelma L. STOVALL, Commissioner of Labor (Special Fund), Appellant,**

v.

**William MULLEN; Green Coal Company; and, Workers' Compensation Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

Aug. 17, 1984.

Douglas A. U'Sellis, Dept. of Labor, Louisville, for appellant.

Armer H. Mahan, Jr., Louisville, for appellees.

Before HAYES, C.J., and COMBS and WHITE, JJ.

WHITE, Judge.

The appellee, William Mullen, worked for the appellee, Green Coal Company, from 1951 until August 8, 1980, when he became totally and permanently disabled as a result of the occupational disease of silicosis/pneumoconiosis. For the last twenty-two (22) years of his employment with Green Coal Company, Mullen worked above ground as a crusher operator.

On September 16, 1981, Mullen and Green Coal Company filed a joint Application for Adjustment of Claim before the Workers' Compensation Board listing therein, as required by KRS 342.-316(2)(b)(1), all his previous employers including the Owensboro Brick Yard. Mullen had his first job at the brick yard and worked as a "laborer" between the years 1933 and 1937. The Board, on February 14, 1983, entered its Opinion and Award finding Mullen to be 100% occupationally disabled and held the Special Fund liable for 75% of the award and the employer, Green Coal Company, liable for 25% thereof.

The sole issue for our consideration is whether the Board erred in its apportionment of the award. The finding that Mullen is totally and permanently disabled is not challenged.

The Special Fund argues that the Board erred in apportioning liability on a multiple-employer basis as there was no evidence presented to the Board that Mullen was exposed to any hazard at any place of employment other than Green Coal Company. Therefore the Board did not apportion the award as prescribed by KRS 342.-316(13)(a) which provides in part as follows:

In those cases where disability or death are not conclusively proven to be the result of such last exposure all compensation shall be paid out of the special fund for all claims filed prior to January 1, 1973; and seventy-five percent (75%) shall be paid by the special fund and twenty-five percent (25%) by the employer for all claims filed thereafter. In all other cases of occupational diseases, other than silicosis or any other compensa-

ble pneumoconiosis, which developed to the point of disablement only after an exposure of five (5) or more years, or for silicosis and any other compensable pneumoconiosis, the compensation for disability or death due to such diseases shall be paid jointly by the employer and the special fund, and the employer shall be liable for sixty percent (60%) of the compensation due and the special fund shall be liable for forty percent (40%) of the compensation due.

In its Opinion and Award the Board found that Mullen had been exposed to the hazard of the disease of silicosis/pneumoconiosis in both the coal mining industry and in brick yard work and specifically found as follows: "(8) The evidence of record is to the effect that the Plaintiff has had exposure to the hazards of pneumoconiosis/silicosis in more than one employment."

We are mindful that our role is not to substitute our opinion for that of the Board and that we will not disturb findings of the Board supported by substantial evidence of probative value. KRS 342.285(3); KRS 342.290; *Rowland v. Geary-Wright Tobacco Company*, Ky., 344 S.W.2d 824 (1961). However, we have reviewed the entire testimony presented to the Board and find that it is devoid of any evidence that Mullen was ever exposed to any hazard known to cause the disease from which he suffers except at his last place of employment, Green Coal Company. Thus the Board's finding that Mullen was exposed in more than one employment is clearly erroneous as contemplated by KRS 342.285(3)(d).

The appellees rely on the testimony of two physicians, Dr. Anderson and Dr. O'Neill, who opined, when asked to *assume* Mullen was exposed to various forms of sand and silica dusts at the brick yard, that such exposure could have contributed to his condition. There is no evidence in the record to support the assumption that Mullen was so exposed. Nor does the testimony of the various doctors reveal that Mullen gave any of them a history of exposure

prior to 1951 when he commenced his employment with Green.

Not only is the record silent regarding exposure to the hazards causing silicosis/pneumoconiosis at any place of employment other than Green Coal Company, but there is also no testimony of Mullen's job duties or position at the brick yard, or at any of his other places of employment, from which an inference that he was so exposed could arise. In fact, Mullen made no reference at all in his testimony to any employment other than that at Green Coal Company; nor was he asked to so testify. For this reason the appellees' reliance on *Yocom v. Eastern Coal Corporation*, Ky., 523 S.W.2d 882 (1975), is misplaced. In that case the Board apportioned the liability on a multiple-exposure basis although the employee worked for one coal mining company for only two days in 1948 and for his last employer, also a coal mining company, for the next 36 years. Unlike the case at bar, however, the evidence revealed that the employee "did the same type of work" for both mining companies. *Id.* Thus there was an evidentiary basis in the *Eastern Coal Corporation* case, *supra,* to support the finding of multiple exposure.

Whether Mullen was exposed to the hazards of pneumoconiosis/silicosis at the Owensboro Brick Yard is not a question of which the Board may take judicial notice. "Evidence to sustain the issue of exposure to hazards of disease must be of substance and of consequence carrying the quality of proof and having fitness to produce conviction." *Rowe v. King-Darby Coals, Inc.*, Ky., 463 S.W.2d 342, 344 (1971). We believe the evidence necessary to prove an employee's prior exposure to be not less than that required to prove his last exposure.

The appellees insist, and the lower court agreed, that the burden was on the Special Fund to prove Mullen's disability to be solely the result of his last exposure at Green Coal Company. However, until there is some evidence that the employee has sustained an exposure at more than one place of employment, the Special Fund's burden to prove conclusively which exposure caused the disability does not arise. The mere listing of multiple employers in the application for benefits alone will not cause this burden to be shifted to the Special Fund.

The judgment of the Daviess Circuit Court is hereby reversed and remanded with directions that the matter be remanded to the Board for an order modifying its Opinion and Award to apportion the liability for its award consistent with this opinion.

All concur.