**MARY HELEN COAL CORPORATION, Appellant,**

v.

**Kelly PARROTT et al., etc., Appellees.**

Court of Appeals of Kentucky.

May 11, 1956.

James Sampson, Wm. A. Rice, Harlan, for appellant.

Doyle B. Inman, Middlesboro, for appellees.

MILLIKEN, Chief Justice.

This appeal involves the construction of a part of the Workmen's Compensation Law dealing with silicosis, specifically KRS 342.316(3), which reads:

"In claims for compensation due to silicosis, it must be shown that the employe was exposed to the hazards of the disease of silicosis in his employment within this state for at least two years before his disability or death provided that no part of such period of two years shall have been more than five years before the last exposure, and only the employer in whose employment the employe was last injuriously exposed to the hazards of such disease and his insurance carrier, if any, on the risk when such employe was last so exposed under such employment during a period of sixty days, shall be liable for compensation payable for disability or death."

The claimant was employed by the Company for a period of three years, six months and nine days. Possibly due to slack mining operations, he worked a total of only six hundred eighteen days during that period. He became a motorman after he had been in the employment of the Company some few months and spent four hundred thirty of his actual working days as a motorman. He apparently was a motorman at least two years. It was in his capacity as a motorman that he was exposed to the inhalation of silica dust from the sand used on the tram tracks.

It is the contention of the Company that in requiring an employee to be "exposed to the hazards of the disease of silicosis in his employment within this state for at least two years before his disability" the statute means that the employee must be so exposed for at least seven hundred thirty days, that is, two years, and since this employee was exposed for only four hundred thirty days he, consequently, has no claim for compensation for disability arising from silicosis.

We see no legislative purpose in the construction of the statute advocated by the Company. The two year provision of the statute designates the period of time during which an employee must be exposed to the hazards of silicosis in his employment within this state, but it does not attempt to specify how frequent or how intense the exposures must be during the two year period. The evident purpose of the two year time provision is to afford employers protection against such claims from migrant workers and those who have incurred the disease in employment out of the state. A worker who occasionally is intensely exposed to silica dust during his employment over a period of two years might more readily incur silicosis than an employee who is mildly exposed every day during the period. The statute is not intended to require a specific number of days, or even hours, of exposure to silica dust; it is intended to limit or qualify the class of employees who may become entitled to compensation benefits for silicosis.

The judgment is affirmed.