**JEFFERSON COUNTY BOARD OF ELECTION COMMISSIONERS et al.,**
**Appellants,**

v.

**Solon RUSSELL, Sheriff of Jefferson County, Kentucky, et al., Appellees.**

Court of Appeals of Kentucky.

April 24, 1959.

James T. Carey, Louisville, for appellants.

Thomas C. Carroll, William E. Scent, Matthew B. Quinn, Jr., Louisville, for appellees.

CULLEN, Commissioner.

In a declaratory judgment proceeding, various questions were raised with respect to the construction of statutes governing primary elections. The judgment of the circuit court made these declarations:

"1. Any person who is otherwise qualified to vote pursuant to the provi-

sions of Kentucky Revised Statutes 119.200 and who shall reach the age of eighteen years before the regular election to be held in November, 1959, in the State of Kentucky, shall be entitled to vote in the primary election to be held in the State of Kentucky on the 26th day of May, 1959.

"2. Any person so qualified to vote in said primary election pursuant to the terms of this judgment, and who is otherwise qualified pursuant to the terms of Chapter 116 of the Kentucky Revised Statutes shall be qualified for appointment as an election officer in said primary election to be held on the 26th day of May, 1959.

"3. Defendants, the County Board of Election Commissioners serving pursuant to the provisions of K.R.S. 116.040, shall deliver to Plaintiff, the Sheriff of Jefferson County, not less than 10 days prior to the day the primary election to be held on the 26th day of May, 1959, a list giving the names of all persons appointed by said Board to serve as election officers in said primary election.

"4. Defendants, the County Board of Election Commissioners, shall make available and open to inspection by intervening plaintiff or any other candidate in said primary election to be held on May 26, 1959, the list of primary election officers so appointed by said Board not later than noon on the seventh day preceding the day of the said primary election."

All parties have joined in appealing from the judgment, and ask for a review of all four points covered by the judgment.

The first question involves a construction of KRS 119.200(1), which reads as follows:

"Before a person shall be qualified to vote in a primary election, he must possess all the qualifications required of voters in a regular election. In addi-

tion, he must be a registered member of the party whose ballot he seeks to vote, and must have been registered as a member of that party at the time of the preceding regular election, or, in the case of new registrations not involving a change of political affiliation made after the preceding regular election, have registered and remained registered as a member of that party. No person shall be allowed to vote any ballot other than that of the party of which he is a registered member. The qualifications shall be determined as of the date of the primary, without regard to the qualifications or disqualifications as they may exist at the succeeding regular election, except that minors who will become twenty-one years of age before the regular election shall be entitled to vote in the primary if otherwise qualified."

The troublesome language is that contained in the last phrase of the statute: "except that minors who will become twenty-one years of age before the regular election shall be entitled to vote in the primary if otherwise qualified."

■ At the time this language was placed in the statute (1914), the minimum age required of voters in a regular election, by Section 145 of the Kentucky Constitution, was 21. In 1955, the constitutional provision was amended to reduce the minimum age to 18. However, since primary elections are not "elections" within the meaning of Section 145 of the Constitution, the voting age of voters in primaries is controlled solely by statute, and not by the Constitution. Black v. Spillman, 185 Ky. 201, 215 S.W. 28. The question then is, what are the age requirements fixed by KRS 119.200(1) for primaries?

■ The first sentence of KRS 119.200 (1) adopts by general reference, for primary voters, such qualifications as are required of voters in a regular election. Since this is a case of adoption of other law by a general, rather than specific, reference, the rule is that the adoption by reference extends to future changes in or amendments of the adopted law. Riddell's Adm'r v. Berry, Ky., 298 S.W.2d 1. Accordingly, when the law governing the age of voters in regular elections was changed to reduce the age to 18, there was a corresponding, automatic change, by virtue of the adoptive provisions of KRS 119.200(1), in the age for voters in primaries. So the basic age for voters in primaries is now 18.

The trouble arises from the last phrase of KRS 119.200(1). Taken on its face, the phrase is now meaningless and obsolete, because, since persons 18 years of age now can vote in the primary, there is no point in saying that certain 20-year-olds can vote. But if the language in the phrase is not construed literally, but rather as an expression of a policy that persons who will become *of voting age* before the regular election may vote in the primary if otherwise qualified, then the phrase still has meaning and effect, and as applied in the light of existing general election laws it means that a person (otherwise qualified) who is not yet 18 on the day of the primary, but will become 18 before the November election, may vote in the primary. This was the construction reached by the circuit court.

As we view it, the question is whether the legislature, in using "twenty-one years of age," can be considered to have attached any significance to the age 21 other than that it happened at the time to be the constitutional minimum age for voters in regular elections. We think the question must be answered in the negative. There is no reasonable basis for a conclusion that the legislature intended that persons who would become of voting age before the regular election could vote in the primary only so long as the regular election voting age remained at 21. Suppose the constitution had been amended to *increase* the minimum voting age to 24; surely no one would then contend that 20-year-olds could continue to vote in the primary, under this statute.

In Ross v. County Board of Education, 196 Ky. 366, 244 S.W. 793, 795, this Court said:

"* * * this court has consistently held that in the construction of a statute the polestar by which the court must be guided is to ascertain and put into effect the legislative intention. To effect this purpose statutes are construed according to their meaning, rather than according to the letter, and oftentimes words in a statute are rejected when they are plainly useless and inappropriate, and have no relation to the subject-matter of the statute, and where it is plainly evident they were inserted by carelessness or inadvertence.

"Frequently words necessary to prevent a statute from resulting in an absurdity, and where they are plainly necessary to the legislative meaning and have been left out of it by carelessness or inadvertence, are read into it. Collocation of words and phrases may be changed when the court is thoroughly convinced that to carry out the legislative will and to prevent an absurd conclusion or defeat of the purpose and intention of a statute the change of collocation is necessary. * * *"

■ In order to effectuate the legislative intent, words may be supplied, omitted, substituted or modified. Neutzel v. Ryans, 184 Ky. 292, 211 S.W. 852.

■ It is our conclusion that the clear legislative intent of KRS 119.200(1) was to permit a person (otherwise qualified) to vote in the primary if he will reach the regular voting age by the time of the regular election, and that to effectuate that intent the words "of voting age" should be substituted for "twenty-one years of age." Accordingly we concur in the first declaration of the judgment.

■ The second declaration of the judgment is to the effect that persons (otherwise qualified as voters and election officers) who will become 18 years of age before the ensuing regular election are qualified to serve as election officers in the primary. This is based upon the provision of KRS 116.080 that no person shall be eligible as an election officer who is not "a qualified voter of the precinct," which provision is applicable to primary election officers by reason of KRS 116.090. We think the circuit court properly construed these statutes as meaning that a person qualified to *vote* in the primary is qualified to serve as an election officer in the primary (if he meets the other requirements of KRS 116.080). Since we hold that persons who will become 18 before the ensuing regular election are entitled to vote in the primary, it follows that they are qualified as to age to serve as election officers in the primary.

The third declaration of the judgment construes the last sentence of KRS 116.070 to mean that the county board of election commissioners must give notice to the sheriff, of the appointment of primary election officers, at least 10 days before the day of the primary. The sentence in question reads as follows:

"The county board of election commissioners shall give due notice of the appointment of election officers to the sheriff of the county, who shall, before the day of the next ensuing election and within ten days after the appointments, give each election officer written notice of his appointment."

This statute is applicable to primary election officers by virtue of the provisions of KRS 116.090 and 119.260(1).

■ It was the reasoning of the circuit court that since KRS 116.070 contemplates that the sheriff will have a 10-day period after the making of the appointments in which to give the election officers notice of their appointment, the legislature must have intended that the sheriff receive notice of the appointments at least 10 days before

the day of the election. The circuit court therefore construed "due notice" in this statute as meaning notice at least 10 days before the day of the election. We think the reasoning is sound and we concur in the declaration.

The final question involves the construction of KRS 116.090(4), which reads as follows:

"(4) The list of officers for the primary election with the office to which each person is appointed shall be made up and open to inspection by any candidate not later than noon on the Saturday preceding the day of the primary."

At the time this statute was enacted, the primary day was the first Saturday in August, but in 1956 the day was changed to the first Tuesday after the fourth Monday in May. KRS 119.040. So if the statute is literally construed, the inspection period that was provided for when the statute was enacted has been shortened by four days.

The circuit court construed the statute as if the words "the seventh day preceding" were substituted for the words "the Saturday preceding."

The question here is substantially the same kind of question as was involved with respect to the 21-year-old provision of KRS 119.200(1). Did the legislature attach any significance to "Saturday" other than it happened at the time to be the seventh day preceding the day of the primary? We think the obvious purpose, intent and policy of the statute was to fix a reasonable inspection period, and the legislature simply chose the words "the Saturday preceding" as a means of expressing the idea that there should be a one-week inspection period. There is no conceivable reason why the designated Saturday should have any other significance in this statute.

We do not consider the question as being one of amendment or repeal by implication. It is simply a question of the true meaning of the statute. We think the statute has al-ways meant that the inspection period should commence not later than the seventh day before the day of the primary, and that the word "Saturday" was employed simply by way of convenience of computation.

The authorities relied upon in this opinion in support of our construction of KRS 119.-200(1) furnish equal support for construing "Saturday" in KRS 116.090(4) as meaning "the seventh day." It is our opinion that the circuit court's judgment, so construing the statute, is correct.

The judgment is affirmed.