**BLUE DIAMOND COAL COMPANY,**
Appellant,

v.

**Otis PHILLIPS, Appellee.**

Court of Appeals of Kentucky.

Oct. 13, 1961.

J. W. Craft, Jr., Hazard, for appellant.

Doyle & Doyle, Harlan, for appellee.

CLAY, Commissioner.

Appellee, who had been employed in appellant's coal mines since 1956, sought work-men's compensation benefits for "occupational pneumoconiosis". The Board dismissed his claim and its order was reversed by the circuit court on appeal.

Pneumoconiosis is a broad term covering diseased conditions of the lungs caused by the chronic inhalation of irritating dust particles. A particular form of this disease (caused by the inhalation of silica dust) is silicosis. While a dust disease other than silicosis might constitute an "occupational disease" under KRS 342.316, the employee's claim in this case was prosecuted on the theory and proof that his disability was the result of silicosis.

The Board did not make a finding that the employee was disabled by any occupational disease. (There was a conflict in the proof on this question.) Assuming, however, that the employee had proven silicosis, the Board was of the opinion that he had not shown sufficient exposure to the hazards of the disease *in Kentucky* to entitle him to compensation under the provisions of our statute. KRS 342.316(4), at the time applicable to this claim, provided as follows:

> "In claims for compensation due to the occupational disease of silicosis it must be shown that the employe was exposed to the hazards of the disease in his employment within this state for at least two years before his disability or death."

(It should be noted that in 1960 the legislature amended this subsection by adding the words "immediately next" before the words "before his disability or death".)

The compensation claim was filed on November 28, 1958. The date of disability was shown as August 28, 1958. This was the last day the employee worked for appellant. The evidence presented before the Board did not present a very clear picture of the chronological history of the claimant's employment. He started to work in 1946 and apparently was employed in a Kentucky coal mine for one year. He was

then transferred to mines in Tennessee until 1952. In that year he was transferred back to a Kentucky mine in Harlan County where he worked until November 1953, when he ceased work because of rheumatic fever. He returned to work in the Kentucky mine in February 1955 and worked until June 1957, when he was laid off. He returned to work August 6, 1958 and worked until August 28, 1958.

It appears that upon returning from his work in the Tennessee mines he suffered from shortness of breath and so advised the employer in 1953. Thereafter he was given only outside work.

The referee and the Board seem to have taken the view that if the employee contracted the disase of silicosis it was prior to 1953 (from his work in Tennessee), and that since his work thereafter in Kentucky was not *in* coal mines, he was not exposed to the hazards of the disease for at least two years in Kentucky. The Board apparently assumed that unless the employee works *in* a mine he cannot be exposed to this occupational hazard, although the employee testified that in his outside work he was still exposed to silica dust. In addition, the physician who testified for the employee stated in substance that exposure to dust of any kind would constitute a "contributing factor" to the "dust disease" with which he found the employee afflicted.

The circuit court took the view that this occupational disease of pneumoconiosis could be contracted either inside or outside of appellant's mine and that the subsection of the statute we have above quoted, KRS 342.316(4), was not intended to apply to a Kentucky employer who shifts his employee from one state to another for work in its mines. We are of the opinion that even if the quoted subsection of the statute applies, the circuit court reached the right conclusion.

While we do not determine the issue, there was substantial evidence the employee was disabled by an "occupational disease" within the definitive terms of KRS 342.316

(1). Whether or not such disease was properly diagnosed as silicosis or some other form of pneumoconiosis is not material in this particular case. If it was not silicosis, then subsection (4) of KRS 342.316 (requiring two years' exposure in this state before the disability) does not apply. If it was silicosis and the subsection applies, there was proof the employee was injuriously exposed to the hazards of this disease in Kentucky for at least two years before his disability.

Apparently there was injurious exposure in this state for one year in 1946. Between 1952 and 1957 there is evidence that for at least two years the employee was exposed to dust conditions which contributed to this occupational disease. His last exposure (for only a period of a few days) was immediately prior to the date he claims he became disabled.

Under the proof the Board could properly find that if the employee had the disease of silicosis he was exposed to the hazards of that disease in Kentucky for at least two years prior to the disability for which he makes a claim. The law applicable at the time of making this claim (KRS 342.316 (4)) did not require this exposure to "immediately" precede the disability, as it does now by virtue of the 1960 amendment. Accumulated exposures would appear to satisfy the former statute. We are of the opinion that if the employee has silicosis, the requirements of KRS 342.316(4) were fulfilled. The fact that he was also exposed to the hazards of the disease in Tennessee (which undoubtedly contributed to his alleged disability) does not cut off his claim.

■ Some question seems to have been raised concerning the timeliness of the employee's application for compensation benefits, and it was determined in the opinion of the referee (adopted by the full Board) that the employee's claim was barred because notice was not given and claim made within three years after the last injurious exposure to silica dust, as then required by

KRS 342.185. (This three year time limitation was stricken in the 1960 amendment to this statute and apparently the one year limitation under KRS 346.316(3) now governs.) We are of the opinion that the employee's claim was not barred by this statute because, as we have heretofore noted, there was proof of "injurious exposure" up until shortly before the claim was filed.

■ In our opinion the Board erroneously dismissed the employee's claim on the grounds that there had not been sufficient exposure to the hazards of the disease in Kentucky and that the claim was not timely filed.

The trial court correctly decided the issues presented.

The judgment is affirmed.