**Pem CHAPMAN, Appellant,**

**v.**

**EASTERN COAL CORPORATION et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 11, 1964.

Sanders & Redwine, Fred B. Redwine, Francis Dale Burke, Pikeville, for appellant.

Baird & Hays, Jack T. Page, Pikeville, for appellees.

WILLIAMS, Judge.

The appellant Pem Chapman was denied compensation by the Workmen's Compensation Board. From a judgment of the Pike Circuit Court of like import he has prosecuted this appeal.

Chapman was continuously employed by the appellee Eastern Coal Corporation from July 1, 1936 to July 18, 1961. He left his employment after he had suffered a heart attack. From 1936 to 1944 he worked inside the coal mines. In 1944 he was brought outside, where he worked as a lamp attendant, and occasionally served as helper in drying sand.

In 1950 Chapman was admitted to the Veterans Administration Hospital, Outwood, Kentucky, where his condition was diagnosed as pneumoconiosis and emphysema. In 1954 he was informed that he had silicosis. He worked until he suffered his heart attack, after which he filed his claim for compensation.

The Workmen's Compensation Board found that Chapman may have been exposed to silicon particles during the time he worked inside the mines from 1936 to 1944. The Board found that after 1944 he was not exposed to silicon particles to a sufficient degree to have caused him to contract silicosis. He was found to be totally disabled, but his disability was attributed to his heart condition and not to silicosis.

■ We agree with appellant that the law did not require him to give notice of disability until he did. In Brock v. International Harvester Co., Ky., 374 S.W.2d 507 (1964) and in Stephens Elkhorn Coal Company v. Tibbs, Ky., 374 S.W.2d 504 (1964) it was held that limitations do not commence to run until the employee has a disability, and so long as the employee continues in full-time employment by the same employer he is not to be considered disabled. We are also inclined to agree with appellant that the Board erroneously found that all of Chapman's disability stemmed from his heart condition. However, neither of those two points is dispositive of this case.

■ There was evidence of substance to sustain the Board's finding that Chapman was not sufficiently exposed to silicon particles after 1944 to have caused him to contract silicosis. The law as it read in 1960, KRS 342.316(4), provided:

"(4) In claims for compensation due to the occupational disease of silicosis it must be shown that the employe was exposed to the hazards of the disease in his employment within this state for at least two years immediately next before his disability or death."

The words "immediately next" were added to the statute in 1960. Prior to that time it was understood that the exposure need not immediately precede the disability. Blue Diamond Coal Co. v. Phillips, Ky., 350 S.W.2d 484 (1961). Since 1960, however, the exposure must have occurred during the two years of Kentucky employment immediately preceding the disability. Unless it did, the employee has no claim under the statute.

The necessary implication of the medical evidence is that Chapman was not exposed to silicon particles in a sufficient degree to constitute a hazard of silicosis after 1944. Consequently, under KRS 342.316(4), he may not recover.

The judgment is affirmed.