**Arnold LOVELL, Appellant,**

v.

**OSBORNE MINING CORPORATION et al., Appellees.**

Court of Appeals of Kentucky.

June 11, 1965.

Rehearing Denied Dec. 3, 1965.

Kelsey E. Friend, Friend & Mullins, Pikeville, for appellant.

E. R. Hays, Baird & Hays, Pikeville, Armer H. Mahan, Davis & Mahan, Louisville, for appellees.

DAVIS, Commissioner.

In this workmen's compensation case appellant Arnold Lovell seeks to overturn the circuit court judgment sustaining the ruling of the Workmen's Compensation Board denying his claim for disability payments. The case turns on construction of KRS 342.316(4), (12). There is no dispute concerning the facts.

Lovell worked in coal mines in Pike County, Kentucky, for thirty-three years; during this time he was injuriously exposed to the occupational disease silicosis. Lovell had worked for appellee Osborne Mining Corporation (and its predecessors in title) during the entire time of his Kentucky employment. On August 15, 1961, Lovell was laid off from work at Osborne incident to a work force reduction. Up to that time he had worked regularly and had not asserted any disability.

On November 16, 1961, the appellant Lovell entered on duty as a miner in West Virginia in the employ of Crystal Block Coal Company. He continued regularly employed at Crystal until September 15, 1962, when he was again laid off in a work force reduction. During a part of the ten months in which Lovell worked at Crystal in West Virginia he was exposed to the hazards of silicosis.

In December, 1962, appellant sought employment at a coal mine in Kentucky. He then represented himself as physically and otherwise capable to engage in the required work. Upon a pre-employment physical examination it was learned that Lovell had silicosis, so employment of him was refused by the mine operator (not appellee company). Shortly thereafter, and again in December, 1962, appellant applied for work at another mine in Pike County, Kentucky, but was rejected after a physical examination, and for the same reason.

Appellant testified that in December, 1962, he advised appellee Osborne Company of the results of these physical examinations. Just after his second rejection for employment appellant filed the claim for compensation now under consideration.

The medical testimony reflects that appellant is a victim of silicosis, and that he has a substantial and perhaps total disability. However, the referee for the Board recommended that the claim be dismissed; this determination was predicated upon KRS 342.316(12), which is as follows:

"When an employee has an occupational disease that is covered by this chapter, the employer in whose employment he was last injuriously exposed to the hazard of the disease, and the employer's insurance carrier, if any, at the time of the exposure, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier; except as otherwise provided herein."

Upon review by the full Board, the result was the same, but the reasoning was different. The full Board was of the view that KRS 342.316(4) precluded recovery by the appellant. That portion of the statute is as follows:

"In claims for compensation due to the occupational disease of silicosis or any other compensable pneumoconiosis it must be shown that the employe was exposed to the hazards of the disease in his employment within this state for at least two years immediately next before his disability or death."

When the matter was presented to the circuit court for review the same result was reached, although it is not discernible whether the trial judge predicated his ruling on KRS 342.316(4) or (12).

■ Denial of compensation in this case works a harsh result. KRS 342.004 directs that a liberal construction of the Workmen's Compensation Act shall be the judicial policy with respect to law; we have recognized and followed the policy. Dick v. International Harvester Co., Ky., 310 S.W. 2d 514; 19 Ky.Digest, Workmen's Compensation, ■ Yet we may not extend the Act beyond its legitimate scope. Gateway Construction Co. v. Wallbaum, Ky., 356 S.W.2d 247.

■ The explicit language of KRS 342.316(4) appears to us to preclude compensation to the appellant under the cir-

cumstances of this case. The words "it must be shown that the employe was exposed to the hazards of the disease in his employment within this state for at least two years immediately next before his disability or death" leave little or no room for "liberal construction." Cf. Chapman v. Eastern Coal Corp., Ky., 385 S.W.2d 78.

For appellant it is forcibly contended that appellant must have truly had silicosis on August 15, 1961,—all of which was a result of his Kentucky exposure. This is buttressed by reference to medical testimony indicating that silicosis is a disease which requires much time to develop, and that perhaps ten years of exposure would have been required to present the situation now present in appellant's lungs. It is reasoned that the obvious purpose of KRS 342.316(4) is to protect Kentucky employers from liability to migrant workers coming into this Commonwealth already ravaged by the occupational disease. The difficulty we have with this argument is that appellant was not disabled on August 15, 1961. In fact, he continued working until a time more than a year following that date, and would have worked on, presumably, had he been accepted for employment in December, 1962.

Our cases stand for the proposition that a worker is not disabled so long as he can continue to perform his duties to the satisfaction of his employer, even though he experiences discomfort in doing so. See Alva Coal Corporation v. Trosper, Ky., 375 S.W.2d 406; Brock v. International Harvester Co., Ky., 374 S.W.2d 507, and Stephens Elkhorn Coal Co. v. Tibbs, Ky., 374 S.W.2d 504. Within the rationale of the last cited cases appellant was not "disabled" on August 15, 1961. He subsequently engaged in mining activities for several months, and was undertaking to do so as late as December, 1962.

Whether the legislature would have written the present statute as it did if it had envisioned the situation at hand we may not fathom; the fact is that the law is so written, and we are not at liberty to change it. Harsh or not, it is too clear to be construed in any way except literally. Cf. Com., Dept. of Highways v. Hatcher, Ky., 386 S.W.2d 262, 263.

The judgment is affirmed.