BETH–ELKHORN CORPORATION et al.,
Appellants,

v.

James THOMAS, Workmen's Compensation
Board of Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

June 10, 1966.

Harry C. Campbell, Pikeville, for appellants.

C. W. Napier, Jr., Hazard, for appellees.

DAVIS, Commissioner.

The Workmen's Compensation Board awarded compensation to James Thomas at the rate of $38.00 per week for a period of 425 weeks, based upon the Board's findings that Thomas is totally, permanently disabled from silicosis. The Board's award was upheld by the circuit court. The employer (appellant Beth-Elkhorn, as corporate successor to Bethlehem Mines Corporation) seeks reversal, and presents these assignments of error: (1) KRS 342.185 required appellee to file his claim within three years of his last injurious exposure to silicosis, and this was not done; (2) the amount of benefits due, if any, should be fixed as of the date of the last exposure, not by statute applicable when disability first became manifest; (3) KRS 342.316(4) bars the claim because appellee was not injuriously exposed for two years immediately next before his disability, and (4) if the foregoing bases for reversal are decided adversely, then the Special Fund should be required to pay whatever claim is allowed.

There is no material dispute as to the facts. Thomas was employed in the mines of appellants for several years, until he voluntarily ceased his employment on May 25, 1960. He was injuriously exposed to silicosis for more than two years immedi-

ately prior to May 25, 1960, but as of that quitting date he was not disabled, nor had he experienced any distinct manifestation of silicosis. The Board found that Thomas first experienced manifestation of his silicotic condition in September, 1963, and fixed the date of his disability as September 26, 1963; the claim for compensation was filed with the Board on December 11, 1963.

■ Our recent ruling in Kiser v. Bartley Mining Co., Ky., 397 S.W.2d 56, is dispositive of the first point advanced. Here as there, since the three year limitation period formerly prescribed in KRS 342.185 was deleted, effective June 16, 1960, and before it had run against Thomas' claim, it has no effect in the case.

■ The second contention of appellant requires consideration of the effect of a 1962 amendment to KRS 342.316(5). In 1960, when Thomas ceased working in the mines, KRS 342.316(5) provided in pertinent part as follows:

"The amount of compensation payable for disability due to occupational disease * * *, and the time and manner for its payment, shall be the same as provided for accidental injury or death under the general provisions of the Workmen's Compensation Act, but in no event to exceed such amounts and, provided further that the time of the beginning of compensation payments shall be the date of the employee's last injurious exposure to the cause of the disease, or the date of actual disability, whichever is later * * *."

In 1962 the just quoted statute was amended, so that the phrase following the words "Workmen's Compensation Act" now reads: " * * * but in no event to exceed such amounts as were in effect at the time of the last injurious exposure * * *."

The maximum weekly benefits payable, pursuant to KRS 342.095, were $32.00 per week when Thomas ceased working in 1960. The rate had increased to $38.00 per week at the time of the award. It is our view that the maximum award available to Thomas, and for which the employer could be liable, was fixed at $32.00 per week, as of the date of the last employer-employee relationship between Thomas and the appellee. We think this view comports with our decisions in Collier v. Hope Coal Co., Ky., 269 S.W.2d 278, and Thomas v. Crummies Creek Coal Co., 297 Ky. 210, 179 S.W.2d 882, and cases there cited. An increase in the maximum award allowable is a change in the substantive liability as opposed to a change in remedial procedure. Accordingly, the award allowing $38.00 per week instead of $32.00 per week was erroneous.

■ By an amendment effective June 16, 1960, KRS 342.316(4) now provides:

"(4) In claims for compensation due to the occupational disease of silicosis or any other compensable pneumoconiosis it must be shown that the employee was exposed to the hazards of the disease in his employment within this state for at least two years immediately next before his disability or death."

The words "immediately next" did not appear in the statute when Thomas ceased to work in May, 1960. In two recent opinions we have made reference to the effect of KRS 342.316(4) as amended. See Lovell v. Osborne Mining Corporation, Ky., 395 S.W.2d 596, and Chapman v. Eastern Coal Corporation, Ky., 385 S.W.2d 78. In Lovell the employee had had out-of-Kentucky exposure (in West Virginia) which intervened between his last Kentucky exposure and his manifestation of disability. In Chapman no such out-of-Kentucky exposure appeared.

We are now persuaded to the view that the rationale in Chapman v. Eastern Coal Corporation, Ky., 385 S.W.2d 78 was erroneous,[1] although the view we shall more

---

1. In Chapman v. Eastern Coal Corporation, supra, the same result could have been reached under KRS 342.316(3), since Chapman's last injurious exposure occurred more than five years before his disability.

fully explain herein accords with the result reached in Lovell v. Osborne Mining Corporation, Ky., 395 S.W.2d 596.

An examination of KRS 342.316 in its entirety, in light of our decisions in Alva Coal Corporation v. Trosper, Ky., 375 S.W. 2d 406; Brock v. International Harvester Co., Ky., 374 S.W.2d 507, and Stephens Elkhorn Coal Co. v. Tibbs, Ky., 374 S.W.2d 504, makes it apparent that the Legislature and this court have taken cognizance of the established medical fact that the last injurious *exposure* to silicon particles is rarely ever coincident with the first manifestations of *disability* resulting from silicosis. A literal construction of KRS 342.316(4) would require that any silicosis claimant must be able to show that his exposure had continued to the very day of his disability. We cannot construe the statute as having such a meaning, since to do so would lead to an absurd and unreasonable conclusion. See Commonwealth of Kentucky, Dept. of Highways v. Wilkins, Ky., 320 S.W.2d 125; Kentucky Mountain Coal Company v. Witt, Ky., 358 S.W.2d 517; Jefferson County Board of Election Commissioners v. Russell, Ky., 323 S.W.2d 864; Wesley v. Board of Education of Nicholas County, Ky., 403 S.W.2d 28 (decided May 20, 1966).

In order to give significance to KRS 342.316(4) and reconcile it with KRS 342.-316(3) and the cited decisions of this court, we are impelled to the view that it is only when "injurious exposure" in Kentucky for two years has been interrupted by "injurious exposure" outside Kentucky that KRS 342.316(4) comes into play.[2] We are persuaded that the legislative intent evinced

by the cited section of the statute is to guard against an influx of potentially disabled silicotic victims to Kentucky from other states in which they were "injuriously exposed." That was the factual situation in Lovell v. Osborne Mining Corporation, Ky., 395 S.W.2d 596, and the result in Lovell was in accord with this decision. However, in Chapman v. Eastern Coal Corporation Ky., 385 S.W.2d 78, there was no out-of-state exposure. To the extent that the decision in Chapman v. Eastern Coal Corporation, supra, is in conflict with the views expressed herein, it is overruled.

■ Finally, appellant asserts that the Special Fund is solely responsible for any compensation due appellee, based upon appellant's construction of KRS 342.316(13) (a). The basis for this argument is that there is no proof that appellee's disability resulted from his last exposure while in appellant's employ. We are not able to accept that contention. There is a complete absence of any proof to remotely suggest that appellee had any injurious exposure except that which he endured while in appellant's service. The cited statute is not applicable to the case at bar.

The judgment is affirmed in so far as it affirms an award for total permanent disability, and it is reversed in so far as it fixes the rate of compensation at $38.00 per week, with directions to enter a new judgment fixing the rate of compensation at $32.00 per week.

MONTGOMERY, J., dissenting.

---

2. Webster's International Dictionary, 2d Ed., includes in the definitions of "immediately" such expressions as: "without

interval of time; without delay; straightway."