MOORE MINING COMPANY, Appellant,

v.

David GIBBONS, Special Fund, and Work-
men's Compensation Board, etc., Appellees.

Court of Appeals of Kentucky.

March 3, 1967.

Maxwell P. Barret, Reeves, Barret &
Cooper, Hazard, for appellant.

Doyle Inman, Whitley City, Paul D.
Rehm, Versailles, Robert Matthews, Atty.
Gen., Frankfort, for appellees.

MILLIKEN, Judge.

The Workmen's Compensation Board
awarded David Gibbons compensation for
total and permanent disability from silicosis
to be paid by the Special Fund with medical
expenses, not exceeding $2500, to be paid
by his employer, Moore Mining Company.
The circuit court modified the award by ab-
solving the Special Fund from liability be-
cause the Special Fund provisions of the
Workmen's Compensation Act were not in
effect until after Gibbons quit working, and
that court consequently assessed the total
cost of compensation against Moore Mining
Company, Gibbons' last employer. The sole
issue raised by the employer on this appeal is
the contention that Gibbons "was not ex-
posed to the hazards of the disease in his
employment within Kentucky for at least
two years immediately next before his dis-
ability" within the meaning of the govern-
ing provisions of the Act, KRS 342.316(4),
which provides:

"In claims for compensation due to the
occupational disease of silicosis it must be
shown that the employe was exposed to
the hazards of the disease in his employ-
ment within this state for at least two
years immediately next before his dis-
ability or death."

The interpretation and application of this
provision have been troublesome and oc-

casionally have been fraught with harsh results to employer or employee. For example, in Lovell v. Osborne Mining Corporation, et al., Ky., 395 S.W.2d 596 (1965), relied on by the appellant, an employee who had worked 33 years in coal mines was denied compensation benefits because his last twenty months of such employment occurred in West Virginia. He twice was refused employment in Kentucky upon his return home because pre-employment physical examinations disclosed he had silicosis. In *Lovell* we said:

> "The explicit language of KRS 342.-316(4) appears to us to preclude compensation to the appellant under the circumstances of this case. The words 'it must be shown that the employe was exposed to the hazards of the disease in his employment *within this state* for at least two years immediately next before his disability or death' leave little or no room for 'liberal construction.'
>
> " * * *
>
> "Whether the legislature would have written the present statute as it did if it had envisioned the situation at hand we may not fathom; the fact is that the law is so written, and we are not at liberty to change it. Harsh or not, it is too clear to be construed in any way except literally." (Emphasis ours.)

■ Moore cites the language used in *Lovell* as implying that a claimant had to be exposed to silicosis within Kentucky for the two years immediately before his disability began for him to have a compensable claim for silicosis under our law, but that was not our intention. In *Lovell* the claimant was denied compensation because he had worked out of Kentucky during the two-year period. *Lovell* must be read in connection with Mary Helen Coal Corporation v. Parrott, Ky., 290 S.W.2d 477 (1956), where we construed KRS 342.316(4) as follows:

> "We see no legislative purpose in the construction of the statute advocated by the Company. The two year provision of

the statute designates the period of time during which an employee must be exposed to the hazards of silicosis in his employment within this state, but it does not attempt to specify how frequent or how intense the exposures must be during the two year period. The evident purpose of the two year time provision is to afford employers protection against such claims from migrant workers and those who have incurred the disease in employment out of the state. A worker who occasionally is intensely exposed to silica dust during his employment over a period of two years might more readily incur silicosis than an employee who is mildly exposed every day during the period. The statute is not intended to require a specific number of days, or even hours, of exposure to silica dust; it is intended to limit or qualify the class of employees who may become entitled to compensation benefits for silicosis."

In Davis v. Harlan Everglow Coal Company, Ky., 392 S.W.2d 62 (1965), we held that the defendant-employer was not liable to the claimant who had worked three days for another coal company after Harlan Everglow had ceased operation because of difficulties with its lease. The opinion declared that "disability, plus last exposure, constitutes the basis of the claim, regardless of prior exposures or manifestations of the disease" and concluded Davis' contention that the three-day exposure with the other coal company subsequent to his employment with Harlan Everglow was not sufficient to cause his silicosis by saying, "There is no merit in the suggestion by Davis * * * in view of the holding in Childers v. Hackney, Ky., 337 S.W.2d 680 (1960)" where we cited KRS 342.316(12) which statute declares " * * * the employer in whose employment he was last injuriously exposed to the hazard of the disease, and the employer's insurance carrier, if any, at the time of the exposure, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier; except as otherwise provided herein."

■ In the case at bar no contention is made on this appeal that the Special Fund (the former Subsequent Injury Fund) was not properly absolved of liability by the circuit court and there is no contention that the finding that Gibbons had silicosis was not sustained by competent evidence. It was. The record shows that Gibbons was employed in coal mining in various capacities with various companies since 1925. In the interval between 1958 and February 1, 1961, when Gibbons last worked for Moore, he cut, drilled and shot coal, and testified he inhaled plenty of dust from rock, slate and "sand rock" as well as loaded coal for the two or three weeks of his actual work with Moore. He stated he had not looked for work since he was laid off by Moore in February 1961 because it was about that time his cough and breathing difficulties became more of a problem to him and he felt "disabled to work," and on March 1, 1961, he first applied for Social Security benefits. Shortly thereafter, on March 11, 1961, he visited Dr. Begley who did a chest x-ray and prescribed some medicine for him but did not reach any conclusion about the cause of Gibbons' condition at that time. Dr. Begley saw Gibbons seven or eight times before referring him to a chest specialist for examination. As heretofore stated, it is conceded that there is sufficient medical testimony to sustain the Board's conclusion that Gibbons had silicosis and is totally and permanently disabled for that reason.

■ In view of the provision of KRS 342.316(12) imposing liability on the employer and insurance carrier, if any, in whose employment the employee was "last injuriously exposed to the hazard of the disease," we are constrained to conclude that Moore is properly chargeable with the responsibility for payment of Gibbons' compensation award.[1] We adhere to the interpretation of the two-year time provision stated in *Parrott* that "The two year pro-

vision of the statute [KRS 342.316(4)] designates the period of time during which an employee must be exposed to the hazards of silicosis in his employment within this state, but it does not attempt to specify how frequent or how intense the exposures must be during the two year period." We conclude that Gibbons was last "injuriously exposed to the hazard of the disease" in his last employment—that with the Moore Mining Company. It was about then his breathing difficulty became noticeably worse, and he sought no other work. The medical evidence sustains his claim.

The judgment is affirmed.

WILLIAMS, C. J., and HILL, OSBORNE, PALMORE and STEINFELD, JJ., concur.

MONTGOMERY, J., dissents.

---

1. KRS 342.316(13), Acts of 1962, Ch. 276, requires six months' exposure in the employment of the last employer, but was not effective until March 22, 1962.