**SHACKLEFORD COAL COMPANY and John W. Young, Commissioner of Department of Labor, etc., Appellants,**

v.

**Bill HAMBY and Kentucky Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Oct. 3, 1969.

William A. Rice, Gayle G. Huff, Rice & Huff, Harlan, Martin Glazer, Thomas R.

Emerson, Dept. of Labor, Frankfort, for appellants.

John A. Doyle, J. C. Carter, Doyle & Carter, Harlan, for appellees.

DAVIS, Commissioner.

Bill Hamby sought workmen's compensation benefits based on his claim of total disability as the result of silicosis. The Board dismissed his claim without determining whether he has demonstrated disability from silicosis, based on the Board's conclusion that Hamby's claim is barred by reason of KRS 342.316(4). On Hamby's appeal to the circuit court, the Board's award was set aside and the case remanded for further findings of fact by the Board. The present appeal challenges the circuit court's judgment and seeks to have the Board's findings reinstated.

Hamby worked in coal mines in Kentucky for about thirty-five years, during which time he was injuriously exposed to the disease of silicosis. On November 1, 1963, while employed by the Liggett Coal Corporation, Hamby injured his back and was required to cease work. He filed a claim for compensation incident to that event asserting permanent, total disability. It appears (although not from official records of the Workmen's Compensation Board) that the Board allowed Hamby compensation for temporary, total disability for the period beginning November 1, 1963, through February 28, 1965. It was brought out in Hamby's testimony that he appealed that decision of the Board to the circuit court, but the disposition of the appeal is not disclosed.

At unspecified times between November 2, 1963, and January 18, 1964, Hamby worked in a coal mine in Virginia during ten shifts. He was exposed to the hazards of silicosis during the brief employment in Virginia. Shortly after January 18, 1964, Hamby returned to Kentucky and was employed by the appellant, Shackleford Coal Company, as a coal miner. It is not clear from the record just when Hamby began his duties with Shackleford as a miner, nor is it shown how long or how often he was engaged by Shackleford. It is plain that he was last able to work as of February 26, 1965. It was not until August 1966 that Hamby was informed by a physician that he suffered from silicosis. About six days later he filed the present claim for compensation asserting total, permanent disability by reason of silicosis.

For reference we quote KRS 342.316 (4):

"In claims for compensation due to the occupational disease of silicosis or any other compensable pneumoconiosis it must be shown that the employe was exposed to the hazards of the disease in his employment within this state for at least two years immediately next before his disability or death."

The Board's view of the case is readily discerned by reading the following excerpt from its opinion:

"The plaintiff testified that he first learned he had silicosis in August, 1966; and that he quit work on February 26, 1965, because he was unable to work by reason of his back injury. He filed this claim for compensation based on disability from alleged silicosis on August 23, 1966. The defendant, among other defenses, contends that the plaintiff is not entitled to recover compensation because he has failed to show that he was exposed to the hazards of the disease within this State for at least two years immediately next before his disability. Here it appears after the plaintiff worked in Virginia, at the most, he had only worked fifteen months in Kentucky. While this Board is not in agreement with this provision of the Statute (KRS 342.316(4)) because of the harshness resulting therefrom, nevertheless under the holding of the Court of Appeals in the case of Lovell vs. Osborne Mining Corporation, Ky., 395 S.W.2d 596, the claim must be denied. This provision of the act was adopted by the Legislature and

only the Legislature can change it. The plaintiff relies on the case of Moore Mining Company vs. Gibbons, Ky., 412 S.W.2d 261. However in that case there was not any out of state employment where the employee was exposed to the hazards of silicosis."

The circuit court concluded that the Board had misconstrued KRS 342.316(4) and our cases dealing with it, and after discussing Lovell v. Osborne Mining Corporation, Ky., 395 S.W.2d 596; Beth-Elkhorn Corporation v. Thomas, Ky., 404 S.W.2d 16; and Moore Mining Company v. Gibbons, Ky., 412 S.W.2d 261, the circuit judge recited in his opinion:

"In reading the applicable statutory section KRS 342.316(4) and the cases thereunder this court is of the opinion that in order to find against the plaintiff two things must be established. One: that he was exposed to hazards of silicosis during his work tenure in Virginia; this has been established by the record. Two: that the plaintiff must be classified as a transient or migratory worker coming into Kentucky to foist a claim under the Workmen's Compensation Act; this has not been established to the satisfaction of this court."

\*   \*   \*   \*   \*   \*

"We do not believe that the plaintiff was a migrant to the extent he came to Kentucky from Virginia for the purpose of becoming a compensable burden.

"Therefore, for the reasons given this case is remanded to the Workmen's Compensation Board for further finding of fact."

In Moore Mining Company v. Gibbons Ky., 412 S.W.2d 261, we did not deal with the problem presented when a claimant has interrupted his injurious exposure in Kentucky by injurious exposure out of Kentucky. However, it was made clear in Moore Mining Company that there is no statutory provision specifying minimal frequency or intensity of injurious exposure. (The decision recognized that KRS 342.316 (13) requires six months' exposure in the employment of the last employer but appropriately noted that its provisions had not taken effect at the time of the claim in that case.)

In Beth-Elkhorn Corporation v. Thomas, Ky., 404 S.W.2d 16, we said that KRS 342.316(4) has no effect on a claim arising from two years of injurious exposure in Kentucky unless and until that exposure has been *interrupted* by injurious exposure outside Kentucky. We premised that conclusion in part upon our belief that the legislative intent of the statute was to guard against migration of miners suffering from incipient silicosis contracted from injurious exposure outside Kentucky.

There was medical testimony indicating that Hamby's exposure during ten shifts of work in Virginia played an insignificant and minimal part in his present condition. The only medical evidence on the subject supports the view that while the ten days of exposure in Virginia may have had an undeterminable, cumulative effect the real basis of Hamby's condition is directly and solely attributable to the thirty-five years of Kentucky exposure and would be present whether the Virginia exposure had occurred or not.

In this state of case, we conclude that it may not be said as a matter of law that the exposure in Virginia constitutes such an interruption in the Kentucky exposure as to bring this case within the purview of Lovell v. Osborne Mining Corporation, Ky., 395 S.W.2d 596. We are buttressed in this conclusion by reference to KRS 342.316(13) (a) in which it is provided in part:

"The employer liable for compensation for \* \* \* silicosis and any other compensable pneumoconiosis \* \* \* shall

be the employer in whose employment the employe was last exposed to the hazard of such occupational disease during a period of six months or more."

In our view this legislative provision discloses the General Assembly's recognition of the medical fact (as reflected in the present record) that injurious exposure to silicosis usually must be for an extended time. The statute may well have been enacted in light of this court's decision in W. M. Coal Company v. Campbell, Ky., 344 S. W.2d 794, which was decided March 24, 1961, and which permitted imposition of liability upon the insurance carrier whose policy had been in effect only for the last twelve days of the employee's exposure. Be that as it may, we are convinced that the slight exposure during the ten shifts worked by Hamby in Virginia cannot rise to the legal status of having "interrupted" the injurious Kentucky exposure. Indeed, the Virginia activity falls within the concept of the well-accepted and salutary doctrine so long and well established as *de minimis non curat lex.*

It is our view that the circuit court reached the right result and properly remanded the proceeding to the Board. However, we are not to be understood as holding, as did the circuit court, that to apply the bar of KRS 342.316(4) there must be a finding that a claimant is a transient or migratory worker entering Kentucky to foist a claim under the Workmen's Compensation Act. Rather, we hold that out-of-state exposure as minimal as appears in the present case is insufficient to render applicable the barring provisions of KRS 342.316(4).

To the extent that the judgment of the circuit court directs the remand of the proceeding to the Workmen's Compensation Board for further finding of fact on the merits of the case, it is affirmed.

All concur.