**SOUTH EAST COAL COMPANY, Inc.,
et al., Appellants,**

v.

**Hardie ISON et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 31, 1969.

William A. Rice, Gayle G. Huff, Rice & Huff, Harlan, Martin Glazer, Thomas Emerson, Frankfort, Dept. of Labor, for appellants.

F. Byrd Hogg, John N. Cornett, Hogg & Cornett, Whitesburg, for appellees.

PALMORE, Judge.

Hardie Ison was awarded Workmen's Compensation for disability resulting from silicosis. His employer and the Special Fund appeal from a judgment of the Letcher Circuit Court upholding the award. They contend his right to compensation is barred by KRS 342.316(4), which requires the claimant's having been "exposed to the hazards of the disease in his employment within this state for at least two years immediately next before his disability or death."

Ison has worked as a coal miner in Kentucky for most of his adult life. As of April 19, 1968, when his claim was filed, he was 54 years old. From September of 1962 until August 4, 1967, he was employed by the appellant South East Coal Company, Inc. (hereinafter South East) in this state, and there is no doubt that his work entailed a great deal of injurious exposure to "rock dust," or dust containing free silica. On July 27, 1967, having applied for a job with the Westmoreland Coal Company (hereinafter Westmoreland) at Stonega, Virginia, he was subjected to a physical examination including X rays which disclosed "stage two" silicosis. In the opinion of the examining physician this condition had developed over a period of not less than five years.

Evidently under Virginia law a person suffering this disease may sign a waiver and be employed without responsibility on the part of an employer who wishes to hire him, so Ison executed a waiver and Westmoreland put him to work on August 7, 1967. Thereafter he worked some of the time for Westmoreland in Virginia and some of the time for South East in Kentucky until April 12, 1968, when his disability forced him to quit his job with Westmoreland. He filed his claim against South East on April 19, 1968.

The specific periods of Ison's employment with South East in Kentucky and Westmoreland in Virginia were as follows:

9/62—8/4/67  South East
8/7/67—8/17/67  Westmoreland
8/21/67—11/28/67  South East
11/30/67—12/11/67  Westmoreland
12/12/67—2/2/68  South East
2/5/68—4/12/68  Westmoreland

The evidence does not explain why Ison switched back and forth between South East and Westmoreland. It is undisputed, however, that he had a well-matured case of silicosis before he ever went to Virginia to work for Westmoreland. When it was discovered in July of 1967, the examining physician advised him to keep away from all dust, and he says that he was not exposed to rock dust in any substantial degree while working for Westmoreland, whereas the superintendent at South East would not give him any outside or dust-free work. The extent to which the Virginia employment experience contributed to his disability, if indeed it contributed at all, obviously was minimal and of no substantial consequence.

It was recognized in Beth-Elkhorn Corp. v. Thomas, Ky., 404 S.W.2d 16, 19 (1966), that the last injurious exposure to silicon particles is rarely ever coincident with the

first manifestations of disability resulting from silicosis. For that reason we held that KRS 342.316(4) cannot sensibly be construed to mean that the exposure must continue to the very day a man drops in his tracks. This result was consistent with the rationale of Mary Helen Coal Corp. v. Parrott, Ky., 290 S.W.2d 477 (1956), in which it had been held that the words *"for* at least two years" (emphasis added) simply could not be taken to mean a continuous, uninterrupted exposure. In this particular aspect the same construction has been given the statute as amended in 1960 (Ch. 147 § 16, Acts of 1960) to read, "for at-least two years *immediately next* before his disability or death." (Emphasis added.) Moore Min. Co. v. Gibbons, Ky., 412 S.W. 2d 261, 262 (1967).

■ It follows, we think, that if Ison had never gone to Virginia, but had merely "laid off" during those periods in which he worked for Westmoreland, KRS 342.316 (4) would not have operated to defeat his claim, because the two-year period immediately next before his disability matured has been defined as the time *during which*, rather than *for which*, the employe must be exposed to the hazards of silicosis in his employment within this state.

■ The interruption of injurious exposure in Kentucky by injurious exposure out of Kentucky during the two-year period immediately next before the disability is of no consequence unless the out-of-state exposure significantly contributes to the resulting disability. Shackleford Coal Co. v. Hamby, Ky., 445 S.W.2d 430 (decided October 3, 1969). As in that case, Ison's employment in Kentucky was the major causative factor in his present disability. It would have resulted regardless of the exposure (if any) in Virginia. He was substantially exposed in Kentucky during the two-year period immediately before he was finally laid low and forced to give up his livelihood. South East was the employer in whose service he was last in-juriously exposed in this state. These facts entitle him to compensation under the provisions of our statutes.

■ The board made its award pursuant to findings that Ison became 25% disabled on August 8, 1967, and totally disabled on April 12, 1968. The basis for the finding of partial disability was that when he began working for Westmoreland he was advised by the doctor that he must no longer work under dusty conditions, and that his capacity to work as a coal miner was thereby impaired. The evidence does show an actual limitation of his ability to work and earn the wages of a coal miner in that when he sought employment with Westmoreland he was required to forego the benefit of the Virginia laws which might otherwise have entitled him to workmen's compensation in that state. However, consistent with the line of cases exemplified by Allen v. Commonwealth, Dept. of Highways, Ky., 425 S.W.2d 283, 284 (1968), we must hold that so long as Ison was able to satisfy the requirements of his regular occupation, at least with South East, he was not "disabled." As observed in *Allen,* this position protects the workman from entrapment by the notice and limitation provisions of KRS 342.316 and at the same time recognizes that the ultimate objective of insurance against lost earning power is to insure against lost earnings.

Pursuant to KRS 342.095, which provides that in the event of total disability following partial disability the period of partial disability shall be deducted from the maximum period of 425 weeks during which compensation for total disability may be otherwise payable, the board awarded $10 per week from August 8, 1967, to April 12, 1968, and $44 per week for the remainder of the 425-week period that began on August 8, 1967. Without the finding of partial disability the claimant would have been entitled to $44 per week for the maximum period beginning on April 12, 1968.

However, in the absence of a cross-appeal we are not in a position to correct the error.

The judgment is affirmed.

All concur.