SOUTH EAST COAL COMPANY, Inc., John W. Young, Commissioner of Labor and Custodian of the Special Fund and Special Fund, Appellants,

v.

Willard CAUDILL and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

March 26, 1971.

William A. Rice, Gayle G. Huff, Rice & Huff, Harlan, Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellants.

F. Byrd Hogg, John N. Cornett, Hogg & Cornett, Whitesburg, for appellees.

REED, Judge.

The single narrow issue raised by this appeal is whether the circuit court correctly applied the basic holdings made in our decisions in the cases of Shackleford Coal Company v. Hamby, Ky., 445 S.W.2d 430 (1969), and South East Coal Company v. Ison, Ky., 446 S.W.2d 638 (1969). Both of those decisions declared that "minimal" or "nonsubstantial" out-of-state exposure to the hazards of silicosis would not bar a claim for workmen's compensation benefits for disability caused by silicosis contracted during employment in this state, notwithstanding the provisions of KRS 342.316(4) which require a showing that the affected employee was exposed to the hazards of the disease (silicosis) in his employment *within this state* for at least two years *immediately next before his disability*. In the instant case, both the board and the circuit court regarded an out-of-state exposure to the hazards of the disease during a period of 10½ months immediately preceding the date on which the employee ceased work as "minimal" or "nonsubstantial." We conclude that we have judicially construed the concerned section of the statute to the breaking point in an effort to obey the legislative mandate to liberally interpret the act in order to accomplish its broad social purpose.

Although the statutory language if literally applied would produce an incongruous and unconscionable result in many related areas, yet the language must mean something, and if we regarded the out-of-state exposure in this case as "minimal" and the statutory requirement inoperative, we would have achieved by judicial fiat a complete repeal of the statutory section because it would remain without significance attached to a single word expressed in it. We fully recognize that the statute is harsh and we have ameliorated the effect of its impact when literally applied without regard to the fundamental purpose of the concerned legislation. Perhaps, however, our efforts to ameliorate have

caused the mistaken notion that we feel free to entirely disregard legislative declarations.

The appellee, Willard Caudill, was employed as a coal miner and was exposed to the hazards of silicosis during employment by the appellant, South East Coal Company, for a period of 25 years. In December 1967, Caudill left his employment with South East and went to Virginia. He testified that he was experiencing symptoms of respiratory affliction at the time he left his Kentucky employment. From December 1967 until August 28, 1968 he worked as a coal miner for Sunrise Coal Company in Virginia where he was exposed to the hazards of silicosis. On August 29, 1968, he took a pre-employment physical at Westmoreland Coal Company, another Virginia employer. This examination revealed that Caudill had silicosis. He signed a waiver of liability required by Westmoreland, and worked as a coal miner for that company until October 19, 1968; then he quit working, returned to Kentucky, and filed his claim for compensation benefits in which he alleged that South East was the employer liable for benefits.

The board made specific findings that are somewhat internally contradictory when considered in light of the applicable statutory sections even as those sections have been judicially construed with pronounced liberality. The specific findings were: (1) Caudill's out-of-state employment was "minimal"; (2) Caudill became "totally and permanently disabled on or about September 29, 1968"; (3) Caudill "was last injuriously exposed to the hazards of the disease during a period of six months or more while in the employment of coal mines in Virginia"; (4) Caudill's "disability has not been conclusively proven to be the works (sic) of his last exposure." Based upon these findings, the board's award, pursuant to KRS 342.-316(13) (a), directed that the Special Fund pay Caudill permanent and total disability benefits because of his Kentucky employment by South East. The Fund and the

employer appealed to circuit court where the board's award was upheld on authority of the Hamby case and the Ison case. The Fund and South East then appealed to this court.

In the Hamby case (445 S.W.2d 430), the employee, Hamby, had worked in coal mines in Kentucky for about thirty-five years. Hamby worked during ten shifts in a Virginia coal mine between November 1963 and January 1964. In January 1964, he returned to Kentucky and went to work for Shackleford Coal Company as a miner. He was last able to work in February 1965. He discovered that he had silicosis in August 1966. Six days later he filed his claim against his Kentucky employer. The board rejected his claim because of the literal wording of KRS 342.316(4). We reversed that determination and said: "We hold that out-of-state exposure as minimal as appears in the present case is insufficient to render applicable the barring provisions of KRS 342.316(4)."

In the Ison case (446 S.W.2d 638) the employee worked as a coal miner for South East Coal Company in Kentucky from September 1962 until August 1967. In July 1967, a physical examination given for purposes of prospective employment as a coal miner by Westmoreland Coal Company in Virginia disclosed that the employee suffered from "stage two" silicosis. Ison executed a waiver and Westmoreland put him to work in August 1967. Thereafter he worked some of the time in Virginia and some of the time for South East in Kentucky until April 1968, when he ceased work. He was employed last by Westmoreland in Virginia. He had worked for South East from December 1967 until February 1968, then for Westmoreland from February 1968 until April 1968. We held that Ison's Virginia employment was "minimal and of no substantial consequence."

We remarked in Hamby that KRS 342.-316(13) (a) in providing that exposure to the hazards of the disease of silicosis must exist during a period of six months or more

to fix liability on a particular employer evidenced a legislative recognition of the significance of the medical fact that exposure to silicosis usually must be for an extended time. We apparently reasoned that a lesser period of exposure must inferentially be regarded as insignificant or "minimal." Ison, of course, does not involve exposure to the hazards of the disease for a period of six months or more in out-of-state employment as was found to be true by the board in this case. Particularly does Ison not involve six months or more of out-of-state exposure to the hazards of the disease immediately preceding the date of "disability" as that term is defined in the Ison opinion itself.

Caudill argues that it is only when "injurious exposure," as that term is defined in KRS 342.316(1) (b), in Kentucky is interrupted by "injurious exposure" outside Kentucky that KRS 342.-316(4) comes into play. KRS 342.316(1) (b) defines "injurious exposure" as "that exposure to occupational hazard which would independently of any other cause whatsoever produce or cause the disease for which claim is made." In Childers v. Hackney's Creek Coal Company, Ky., 337 S.W.2d 680 (1960) and in Blue Diamond Coal Company v. Napier, Ky., 337 S.W.2d 879 (1960), we emphasized that this statutory definition did not require any minimum time requirement for the period of exposure; hence "injurious exposure" means only "that the conditions were such that they could cause the disease over some indefinite period of time." Therefore, the exposure in Virginia met the statutory definition of "injurious exposure." Moreover, KRS 342.316(4) does not mention "injurious exposure." It requires a showing that the employee was "exposed to the hazards of the disease."

When the judicial interpretations of the terms "disability" and "injurious exposure" are considered, when the language of KRS 342.316(4) is recognized as necessary to be dealt with, and when the legislative declaration of the significance of exposure to the hazards of the disease for a period of six months or more during employment by a particular employer is apparent, we are forced to the conclusion that Caudill's out-of-state exposure to the hazards of the disease cannot be written off as "minimal" or "nonsubstantial." Hence, KRS 342.316 (4) bars the claim.

If the result is harsh, it has been made so by legislative declaration that must be given some respect and by judicial interpretations that were made to benefit the employee in other aspects to assure that he would be compensated, but now those same interpretations require the decision that we must reach.

The judgment of the circuit court is reversed, with directions to enter a new judgment remanding the case to the board with instruction to dismiss the claim.

All concur.