**Max DANIEL, Appellant,**

**v.**

**PRINCESS COALS, INC., et al.,**
**Appellees.**

Court of Appeals of Kentucky.

June 29, 1973.

Rehearing Denied Sept. 7, 1973.

Robert J. Greene, Perry & Greene, Paintsville, for appellant.

Fred G. Francis, Prestonsburg, Robert D. Hawkins, Dept. of Labor, J. Keller Whitaker, Director of Workmen's Compensation Bd., Frankfort, for appellees.

OSBORNE, Justice.

Max Daniel, an underground coal miner for over 18 years, filed an application for adjustment of claim before the Workmen's Compensation Board on November 9, 1971. He claimed to be totally and permanently disabled by virtue of an occupational disease, coal worker's pneumoconiosis. The date of his last exposure in the mines of this state was March 28, 1968. The Board dismissed the claim because of appellant's failure to satisfy the requirements of KRS 342.316(4), the two year exposure requirement prior to disability date.

The appellant was released by Princess Coals, Inc. as part of a general cut-off on March 28, 1968. He then found employment as a forklift operator in Delaware, Ohio and is presently employed there. He stated that he was called back to work for Princess Coals but didn't go because of shortness of breath.

**940**

KRS 342.316(4) provides:

"In claims for compensation due to the occupational disease of silicosis or any other compensable pneumoconiosis, it must be shown that the employee was exposed to the hazards of the disease in his employment within the state for at *least two years immediately next* before his disability or death. (Emphasis ours).

This court in Inland Steel v. Terry, Ky., 464 S.W.2d 284, set out the following requirements at 286:

"(1) The exposure must exist and must *exist in Kentucky* for at least two years immediately preceding disability as the term 'disability' has been construed by this court in occupational disease cases. [Emphasis ours.]

(2) The continuity of exposure during that time must be without substantial interruption regardless of where the claimant was or what he was doing during the period or periods of such interruption."

Daniel contends he was disabled by pneumoconiosis in March 1968 when the mine was closed. He presented the testimony of seven doctors who urge that in 1968 when he left the mines, x-ray evidence would have shown that he had pneumoconiosis. However, none stated that he was disabled. Furthermore, Daniel himself stated that he first learned that he had the disease in 1971, three and one-half years after he left the mine. He at no time stated he quit because he was disabled. The requirements for recovery under the statute are couched in terms of "disability". Here, there was no showing of disability other than the self serving statements of appellant which are completely refuted by the hard facts.

Daniel cites, in support of his position in this proceeding, our case of Young v. Marsillett, Ky., 473 S.W.2d 128. We have had several other appeals wherein workmen have contended that the Marsillett case stands for the proposition that if there is any evidence at all that the workman had pneumoconiosis at the time he left his employment in the mines and took other employment he is entitled to compensation even though the disease was in its early stage and in no way disabling. The Marsillett case does not so hold nor state. The question of whether the workman was disabled at the time he ceased his employment in the mines was not before the court in the Marsillett case. The law is and has been all along that a workman must qualify for benefits under KRS 342.316(4) before the Marsillett case comes into play. This court said in South East Coal Co. v. Caudill, 465 S.W.2d 62 at page 65:

"If the result is harsh, it has been made so by legislative declaration that must be given some respect and by judicial interpretations that were made to benefit the employee in other aspects to assure that he would be compensated. . . ."

For the foregoing reasons we are of the opinion that the Board properly dismissed the claim and that this was properly affirmed by the circuit court.

Judgment affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.