**CARCO MINING COMPANY, Inc., et al., etc., Appellants,**

v.

**Fayette ELY, Westmoreland Coal Co., Appellees.**

Court of Appeals of Kentucky.

April 2, 1971.

William A. Rice, Rice & Huff, Harlan, Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellants.

James S. Greene, Jr., William R. Forester, Greene & Forester, Harlan, J. Keller Whitaker, Workmen's Compensation Bd., Frankfort, for appellees.

OSBORNE, Judge.

On July 21, 1968, Fayette Ely filed an application for Workmen's Compensation benefits. The claim was heard by the Board and an award made to Ely for occupational disease (silicosis) in the amount of $44.00 per week for the maximum period of 425 weeks. In making the award the Board found that Ely had an occupational disease and that he had divided his career between Virginia and Kentucky, with the last years exclusively in Kentucky, except for six months in Virginia.

The Board further found that Ely was not qualified to receive benefits in Virginia; that he was not a migrant worker seeking to take advantage of the Kentucky Workmen's Compensation Act and, therefore, should be awarded benefits under it.

Ely's work record is as follows:

(1) 1933–34 Benedict Coal Company-Virginia

(2) 1934–42 Blue Diamond Coal Company-Virginia

(3) 1943–45 Kentucky-Darby Coal Company-Kentucky

(4) 1945–50 Ellis Clark Coal Company-Kentucky

(5) 1950–54 Stoneca Coal and Coke Company-Kentucky

(6) October, 1961 to February, 1962-Laurel Branch Coal Company-Kentucky

(7) October, 1964 to March, 1965-Dean Jones Coal Company-Virginia

(8) January 8, 1966 to January 29, 1966-Carco Mining Company (11 shifts)-Kentucky

From the above it may be seen that in the past two years Ely has only worked eleven shifts in Kentucky. He has worked only six months in mining in the last two years. Therefore, a question is directly presented as to whether or not Ely is barred by KRS 342.316(4), which provides:

"In claims for compensation due to the occupational disease of silicosis or any other compensable pneumoconosis it must be shown that the employee was exposed to the hazards of the disease in his employment within the state for at least two years immediately next before his disability or death."

We are of the opinion Ely is unquestionably barred from receiving benefits by the foregoing statute. For a full discussion of this question see Inland Steel Company v. Terry, Ky., 464 S.W.2d 284 (reh. den. March 26, 1971). Also, South East Coal Company v. Caudill, Ky., 465 S.W.2d 62, rendered March 26, 1971. Since Ely failed to prove that he suffered exposure in Kentucky for at least two years immediately

preceding disability as the term disability has been construed by this court, we are of the opinion the claim should have been dismissed. The judgment is reversed with directions that the cause be remanded to the Workmen's Compensation Board for dismissal.

Judgment reversed.

All concur.