**John W. YOUNG, Commissioner of Labor, etc., et al., Appellants,**

v.

**Dave JONES et al., Appellees.**

Court of Appeals of Kentucky.

March 31, 1972.

As Modified on Denial of Rehearing June 30, 1972.

Gemma M. Harding, Department of Labor, Louisville, for appellants.

Cawood Smith, Harlan, for appellees.

William A. Rice, Rice & Huff, Harlan, for appellant Harlan Collieries Coal Company.

REED, Judge.

In this workmen's compensation case, the determinative facts are, in effect, undisputed. Dave Jones is totally and permanently disabled from silicosis. Although he was employed in the mines for 25 years, he last regularly worked in mining in 1958 until he became employed by Harlan Collieries on May 11, 1968. He may have worked as a miner for three months in 1963. In any event nearly all of his work from 1958 until May 11, 1968 was as a deputy sheriff or police officer. He worked for Harlan Collieries from May 11, 1968 until February 6, 1970, when he ceased work because of total disability caused by stage II silicosis. The board awarded total disability benefits to be paid by the Special Fund. Now KRS 342.316(12) (a). The Fund appealed to the circuit court where the board's award was upheld. The Fund then appealed to this court. We reverse.

KRS 342.316(4), as construed in Inland Steel Company v. Terry, Ky., 464 S. W.2d 284, and in Southeast Coal Company v. Caudell, Ky., 465 S.W.2d 62 (1971) and as applied in Carco Mining Company v. Ely, Ky., 465 S.W.2d 265 (1971), requires that the claimant prove that he was exposed to the hazards of the disease for at least two years immediately preceding disability as the term "disability" has been construed by this court in occupational disease cases. He must also show that the continuity of exposure during that time was without substantial interruption regardless of where the claimant was or what he was doing during the period or periods of such interruption.

In this case it is uncontradicted that disability commenced in February 1970. It is also uncontradicted that the "continuous

exposure" next preceding "disability" amounted to only 21 months. The claimant simply failed to prove what the statute required. No question of insubstantial interruption of continuous exposure is actually presented.

The claimant argues that even if KRS 342.316(4) prevents his recovery against the Fund, he should be permitted to recover from his last employer under KRS 342.316 (11) and present KRS 342.316(12) (a). The brief answer is that the Terry opinion correctly construed KRS 342.316(4), as the language of the statute clearly states, to declare essential ingredients to be proved by a claimant in any case involving the occupational diseases of silicosis and pneumoconiosis no matter on whom the ultimate responsibility for payment may rest.

The judgment is reversed with direction that the circuit court enter a new judgment directing the board to dismiss the claim.

All concur.