**James R. YOCOM, Commissioner of Labor, et al., Appellants,**

v.

**Fred OVERSTREET et al., Appellees.**

Court of Appeals of Kentucky.

May 3, 1974.

Rehearing Denied Sept. 20, 1974.

Robert D. Hawkins, Arthur Samuel, Dept. of Labor, Frankfort, for appellants.

C. Kilmer Combs, Kelsey E. Friend Law Firm, Pikeville, for appellee Overstreet.

CULLEN, Commissioner.

Fred Overstreet's claim for workmen's compensation for disability from pneumoconiosis was denied by the Workmen's Compensation Board on the ground that he had not been "exposed to the hazards of the disease in his employment within this state for at least two (2) years immediately next before his disability," as required by KRS 342.316(4) as it existed when Overstreet's disability occurred (prior to the

1972 amendment to KRS 342.316 which eliminated the quoted requirement). The evidence was that during the two-year period immediately preceding his disability Overstreet was off work for four months, from his long-time employment in coal mining, due to a back injury sustained in his employment.

On appeal by Overstreet to the circuit court, judgment was entered setting aside the order of the board and remanding the case to the board with directions to enter an award allowing compensation for total permanent disability. It was the opinion of the circuit court that the four-month off-work period, due to an injury, did not constitute a substantial interruption of exposure. The Special Fund has appealed from the circuit court judgment.

In Inland Steel Company v. Terry, Ky., 464 S.W.2d 284, this court held that what constitutes a substantial interruption of the required exposure is basically a factual question for the board, unless the facts are so clear that it can be decided as a matter of law. We are not persuaded by Overstreet's argument, as relates to the *length* of an interruption, that an interruption of only four months is as a matter of law not a substantial interruption. The holding in South East Coal Company v. Caudill, Ky., 465 S.W.2d 62, was not that any interruption of less than six months was as a matter of law not a substantial interruption; the holding was that any interruption of as much as six months was as a matter of law a substantial interruption. And the decision in Young v. Jones, Ky., 481 S.W.2d 268, negatives the proposition that an interruption of less than six months cannot be a substantial one.

In the instant case the board found as a fact that the interruption of four months was substantial. We do not find in the board's opinion and award any indication that the board felt it was required as a matter of law, by Young v. Jones, to find that the four months constituted a substantial period.

The opinion and award indicated the belief of the board that under Young v. Jones the interruption of exposure must be charged against the claimant even though the interruption was for a cause beyond his control, such as a work-sustained back injury. We think the board was correct in that view of the law, although the basis is Inland Steel Company v. Terry rather than Young v. Jones. In Terry this court held that a substantial interruption will bar recovery "regardless of where the claimant was or what he was doing during the period or periods of such interruption."

The judgment is reversed with directions to enter judgment upholding the order of the Workmen's Compensation Board.

All concur.