James R. YOCOM, Comm. of Labor and Custodian of the Special Fund, Appellant,

v.

Drucilla HAYES, Administratrix of the Estate of Everett Hayes, et al., Appellees.

Court of Appeals of Kentucky.

Dec. 6, 1974.

James Kemp, Dept. of Labor, Frankfort, for Special Fund.

William Melton, Hazard, for Everett Hayes.

Richard D. Cooper, Hazard, for River Process, Inc.

PER CURIAM.

The Board's finding concerning claimant's compliance with KRS 342.316(4) was in substance that "when there is a work interruption which not only is completely beyond plaintiff's control but, in fact, is caused by the nature of his employment wherein conditions are imposed that he is powerless to correct or compensate for," amelioration of the requirements of the statute is called for. This finding is

unacceptable under the holding made in Inland Steel Company v. Terry, Ky., 464 S. W.2d 284 (1970), wherein we said that a substantial interruption would bar recovery "regardless of where the claimant was or what he was doing during the period or periods of such interruption." What constitutes a substantial interruption of the required exposure is basically a factual question for the Board, unless the facts are so clear that it can be decided as a matter of law. Inland Steel Company v. Terry, supra. In our opinion, this appeal is controlled by our decision in Yocom v. Overstreet, Ky., 512 S.W.2d 940 (1974). The Board should confine itself to a factual determination of whether the interruption was substantial or insubstantial without regard to the cause of the interruption.

The judgment of the circuit court is reversed with direction to enter a new judgment remanding the case to the Board for a proper disposition and findings in accordance with our opinion in Yocom v. Overstreet, supra.

All concur.